R. G. CHAPMAN & CO. v. CHARLES McLAWHORN.

(Filed 24 February, 1909.)

1. Principal and Agent—Guaranty of Payment—Party in Interest—. Trusts and Trustees.

   An agent to sell goods on a *del credere* commission—that is, who guarantees payment on all sales and turns over to the principal, when called for, all notes, accounts, etc.—is not a real party in interest, and cannot maintain, in his own right or by construction, as trustee of an express trust, an action to recover for the goods sold.

2. Same—Evidence—Nonsuit.

   When it is shown that a plaintiff is not a real party in interest, his action to recover, brought in his own right, will be dismissed on a motion as of nonsuit upon the evidence.

ACTION heard before *O. H. Allen, J.,* and a jury, at August Term, 1908, of PITT.

*F. G. James* and *Jarvis & Blow* for plaintiffs.
*J. L. Fleming* and *Skinner & Whedbee* for defendant.

CLARK, C. J. This was an action to recover for guano sold the defendant. The answer averred that the guano was bought of plaintiffs as agents of the Royster Guano Company. Chap-

man testified that his firm sold the guano, as agents for the Royster Guano Company, on a *del credere* commission—that is, the agents guaranteed payment on all sales and were to turn over all notes and accounts, when called for, though he says they were not always called for. The plaintiffs put in evidence their contract with the guano company, which provides, "all the above fertilizers to be consigned to you, as herein provided, as our agents, remain our property until sold by you, and, after sale by you, the cash, notes, accounts or other proceeds of sale are our property." Chapman further testified that his firm had a subsequent agreement with the Royster Guano Company that if the plaintiffs brought this action the guano company was to be responsible for the costs, and if the plaintiffs did not collect this bill they would not pay the guano company.

In any aspect of the case, whether the plaintiffs were released from their guarantee of sales or not, they were simply agents for the Royster Guano Company, which owned the guano and the debt incurred by the defendant for its purchase. "Every action must be prosecuted in the name of the real party in interest." As it is clear that the proceeds of any judgment in this action, if recovered by the plaintiffs, would be the property of the Royster Guano Company, the court properly allowed the motion for nonsuit, on the ground that "the evidence disclosed that the plaintiffs were not the owners of the account sued on." *Abrams v. Cureton,* 74 N. C., 523; *Alexander v. Wriston,* 81 N. C., 194; *Jackson v. Love,* 82 N. C., 407; *Wilcoxon v. Logan,* 91 N. C., 452; *Wynne v. Heck,* 92 N. C., 416; *Egerton v. Carr,* 94 N. C., 653; *Boyd v. Insurance Co.,* 111 N. C., 376; *Boykin v. Bank,* 118 N. C., 568; *Morefield v. Harris,* 126 N. C., 628. And there are many other cases to like effect. Besides, the statute is explicit. The plaintiffs here had no interest in this claim. They were neither legal nor equitable owners of it, nor were they trustees of an express trust.

Affirmed.