R. J. McCARLEY v. C. K. COUNCIL and I. J. SUTTON.

(Filed 1 November, 1933.)

**Master and Servant F a—Employee accepting award under Compensation Act may not alone maintain action against third person tort feasor.**

Where an employee has accepted compensation awarded by the Industrial Commission for an injury sustained by him in the course of his employment he is barred by the Compensation Act from maintaining an action against a third person upon allegations that the negligence of such third person was the proximate cause of his injury, the employer or its insurance carrier being subrogated to the right of action against such third person to the extent of the amount of compensation paid, the employee being interested in the recovery only in the event the recovery exceeds the amount of compensation paid or for which the employer or insurance carrier is liable, and where an action is brought against such third person by the employee alone, the employee is not the real party in interest, C. S., 446, and it is error for the trial court to grant the employee's motion to strike from defendant's answer allegations setting up the defense that plaintiff had been awarded compensation by the Industrial Commission for the injury sued on. C. S., 537. The order granting plaintiff's motion to strike from the answer allegations setting up the award of the Industrial Commission is reversed without prejudice to plaintiff to move that the insurance carrier be made a party plaintiff.

APPEAL by defendants from *Finley, J.,* at May Term, 1933, of CLEVELAND. Reversed.

This is an action to recover damages for personal injuries suffered by the plaintiff, and resulting from a collision, which occurred on 27 January, 1932, between an automobile in which the plaintiff was riding as a passenger, and an automobile owned by the defendant, I. J. Sutton, and driven by the defendant, C. K. Council.

It is alleged in the complaint that the automobile in which the defendants were riding, at the time of the collision, was under their joint control, and that the defendants at the time were engaged in a joint enterprise. It is further alleged that the collision between said automobiles, with the resulting injuries to the plaintiff, was caused, solely and proximately, by the negligence of the defendants, as specifically alleged therein. On the cause of action alleged in the complaint, the plaintiff prays judgment that he recover of the defendants the sum of $15,000, the amount of his damages.

In their answer to the complaint, the defendants deny all the allegations therein, which constitute the cause of action alleged in the complaint. As a further defense to the cause of action alleged in the complaint, and as a bar to plaintiff's recovery thereon in this action, the defendants allege:

"1. That on 27 January, 1932, and for a considerable length of time prior thereto, the plaintiff was employed by Stewart Brothers Cotton Company.

2. That prior to 27 January, 1932, the plaintiff and his employer, Stewart Brothers Cotton Company, had duly elected to accept and be governed by all the provisions of the laws of the State of North Carolina, known as the "Workmen's Compensation Laws of North Carolina."

3. That on 27 January, 1932, the plaintiff and his employer, Stewart Brothers Cotton Company, had duly complied with the provisions and requirements of the Workmen's Compensation Laws of North Carolina, and were operating under its terms and provisions, and were bound thereby.

4. That prior to 27 January, 1932, Stewart Brothers Company, the employer of the plaintiff, had procured a policy of insurance from or in the London Accident and Guarantee Company, as required by the Workmen's Compensation Laws of the State of North Carolina; and that said London Accident and Guarantee Company was prior to as well as on 27 January, 1932, the insurance carrier for Stewart Brothers Cotton Company under the said Workmen's Compensation Act.

5. That on 27 January, 1932, and at the time and place and on the occasion mentioned in the complaint, the plaintiff, R. J. McCarley, was engaged in the business of his employer, Stewart Brothers Cotton Company.

6. That subsequent to 27 January, 1932, the plaintiff, R. J. McCarley, and his employer, Stewart Brothers Cotton Company, and the London Accident and Guarantee Company, the insurance carrier for Stewart Brothers Cotton Company, under the North Carolina Workmen's Compensation Act, duly entered into an agreement under and pursuant to the provisions of the North Carolina Workmen's Compensation Act, by

the terms of which the plaintiff agreed to accept and the said London Accident and Guarantee Company agreed to pay to the plaintiff compensation and medical and other expenses as required and provided by said North Carolina Workmen's Compensation Act.

7. That thereafter, to wit: on 5 July, 1932, a hearing was held under and pursuant to the provisions of the North Carolina Workmen's Compensation Act before J. Dewey Dorsett, Commissioner, at Troy, N. C., and that thereafter, to wit: on 25 October, 1932, an award was duly assessed by the North Carolina Industrial Commission directing that compensation payments be made according to the agreement theretofore entered into between the plaintiff, his employer, Stewart Brothers Cotton Company, and its insurance carrier, London Accident and Guarantee Company.

8. That neither the plaintiff, nor his employer, Stewart Brothers Cotton Company, nor its insurance carrier, London Accident and Guarantee Company, appealed from the aforesaid award of the North Carolina Industrial Commission, and that the time within which an appeal can be taken or perfected has expired, and that the said award is therefore final and binding upon the plaintiff, his employer and the insurance carrier, the London Accident and Guarantee Company.

9. The defendants are advised, informed and believe and upon such information and belief allege that the London Accident and Guarantee Company has paid compensation to the plaintiff, and the plaintiff has accepted compensation from the said company under and pursuant to the terms, conditions and provisions of the aforesaid award, and the Workmen's Compensation Law of the State of North Carolina.

10. That under the provisions of the North Carolina Workmen's Compensation Law, and particularly section 11 thereof, the rights and remedies therein granted to an employee where he and his employer have accepted the provisions of said act, respectively to pay and accept compensation on account of personal injury or death by accident excludes all other rights and remedies of such employees, or their personal representatives, and the acceptance of an award under the said act is a complete bar to any alternative or further proceeding at common law or otherwise, and that the plaintiff by accepting the aforesaid award under the North Carolina Workmen's Compensation Act has thereby waived any common law or other right which he might otherwise have had to institute and to prosecute an action to recover damages for his alleged injuries, and is forever barred from prosecuting any action for said alleged injuries against these defendants, or either of them.

11. That the acceptance by the plaintiff of the aforesaid award under the North Carolina Workmen's Compensation Act for compensation for the injury or injuries alleged to have been sustained by the plaintiff at

the time and place and on the occasion mentioned in the complaint operated as an assignment to his employer or its insurance carrier, the London Accident and Guarantee Company, of all rights of the plaintiff, if any he had, to recover damages against the defendants, or either of them, on account of said injuries, and that his said employer, or its insurance carrier, the London Accident and Guarantee Company, were by operation of law by said award, and their compliance therewith, subrogated to all of the rights, if any the plaintiff had, to institute or prosecute any action or actions against the defendants or either of them, for or on account of injuries alleged by the plaintiff to have been sustained by him at the time and place, and on the occasion mentioned in the complaint.

12. That by reason of the matters and things hereinbefore set forth, the plaintiff is forever estopped and barred from instituting or prosecuting against the defendants, or either of them, any action or actions for damages for injuries alleged to have been sustained by the plaintiff at the time and place, and on the occasion mentioned in the complaint."

In apt time, the plaintiff moved the court as follows:

"1. To strike out all of the First and Further Answer and Defense, being paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12, and constituting all of the First and Further Answer and Defense, as set forth in the plea in bar or abatement and answer of the defendants, C. K. Council and I. J. Sutton, in the above entitled action.

2. That the above paragraphs, constituting all of defendants' First and Further Answer, should be stricken out for that said alleged defense states a conclusion of law and puts no facts in issue.

3. That the Workmen's Compensation Act of North Carolina specifically provides that the acceptance of an award under this Act for compensation for the injury or death of an employee shall operate as an assignment to the employer of every right to recover damages which the injured employee may have against any other party for such injury or death; and that such employer shall be subrogated to any such right and may enforce the same in his own name or in the name of the employee, or his personal representative, the legal liability of such party.

That said Act further provides that the amount of compensation paid by the employer or the amount of compensation to which the assured or the injured employee or his dependents are entitled shall not be admissible as evidence in any action brought to recover damages, but any amount collected by the employer under the provisions of the section, in excess of the amount paid by the employer or for which he is liable, shall be held by the employer for the benefit of the injured employee or other persons entitled thereto, less such amounts as are paid by the employer for reasonable expenses and attorneys fees, when approved by

the Commission. Said section further provides that when any employer is insured against liability for compensation with any insurance carrier and such insurance carrier shall have paid any compensation for which the employer is liable, or shall have assumed the liability of the employer therefor, it shall be subrogated to all rights and duties of the employer and may enforce such rights in its own name and in the name of the injured employee or his personal representative."

The motion of the plaintiff was allowed, and it was ordered by the court that all of the First and Further Answer and Defense as contained in paragraphs one to twelve, inclusive, be and the same was stricken from the answer filed by the defendants.

The defendants excepted to the order, and appealed to the Supreme Court.

*Ryburn & Hoey for plaintiff.*
*Fred B. Helms and Frank E. Exum for defendants.*

CONNOR, J. In *Brown v. R. R.,* 202 N. C., 256, 162 S. E., 613, it was held that the personal representative, in that case the administrator, of a deceased employee, who has accepted from the employer, or from his insurance carrier, compensation for the death of the employee, under the provisions of the North Carolina Workmen's Compensation Act, can maintain in his own name an action to recover of a third person, who by his negligence has caused the death of the employee, damages for such death. For this reason, there was no error in the order of the Superior Court in that case, striking from the answer of the defendant allegations setting up the payment and acceptance of such compensation as a defense or bar to the action. Section 11 of the Act expressly provides that in such case, the personal representative of the deceased employee may maintain the action, and that a recovery thereon shall be primarily for the benefit of the employer or of his insurance carrier, who are designated by the statute as the beneficiaries of the action, to the extent of the amount of the compensation paid for the death of the employee. The construction of the statute which supports this holding is not involved in the subsequent appeal in that case. See *Brown v. R. R.,* 204 N. C., 668, 169 S. E., 419. It was approved in *Phifer v. Berry,* 202 N. C., 388, 163 S. E., 119, and may now be regarded as settled.

In *Pridgen and U. S. Fidelity & Guaranty Co. v. Atlantic Coast Line R. R. Co.,* 203 N. C., 62, 164 S. E., 325, it was held that an employee who has accepted compensation for injury resulting from an accident which arose out of and in the course of his employment, and the insurance carrier of his employer, who has paid compensation for the injury,

as awarded by the North Carolina Industrial Commission, can maintain an action against a third person, who by his negligence has caused the injury, which did not result in death, to recover damages for the injury. It is said in the opinion in that case that the allegations of the complaint in effect show that the action was begun and prosecuted by the insurance carrier, primarily for its benefit, as authorized by statute. The joinder of the injured employee did not affect the right of the insurance carrier to maintain the action. If the amount recovered in the action exceed the amount paid as compensation, the insurance carrier, as plaintiff, would hold the excess for the benefit of the injured employee. For this reason, the complaint was not subject to demurrer for misjoinder of parties or of causes of action. The cause of action alleged in the complaint was vested in the insurance carrier by the statute; the employee was interested only in the recovery, in the event the amount recovered as damages exceeded the amount of the compensation which he had received from the insurance carrier, under the provisions of the North Carolina Workmen's Compensation Act.

The instant case is distinguishable from both the *Brown case* and the *Pridgen case*. In the former case, the action was to recover damages for the death of the employee. The action was properly begun and prosecuted by his personal representative. In the latter case, the action was to recover damages for injuries suffered by the employee, which did not result in his death. The action was not begun and prosecuted, as in the instant case, by the employee, who had elected to accept compensation for his injury from his employer or from his insurance carrier, and who by such acceptance is expressly barred by the statute, of the right to recover on the cause of action alleged in the complaint.

There was error in the order in the instant case, striking from the answer the allegations which constitute the First and Further Defense to the cause of action on which plaintiff demands judgment. If these allegations are sustained at the trial, the plaintiff in the present state of the record cannot recover in the action. The plaintiff is not the real party in interest. C. S., 446. For that reason, at the close of the evidence, the plaintiff would be nonsuited. *Chapman v. McLawhorn,* 150 N. C., 166, 63 S. E., 721. The allegations are not irrelevant, and should not be stricken from the answer. C. S. 537.

The order is reversed, without prejudice to a motion which may be made by the plaintiff in the Superior Court that the insurance carrier be made a party plaintiff to the action, if he is so advised. *Cunningham v. R. R.,* 139 N. C., 427, 51 S. E., 1029. If such motion is allowed, and the insurance carrier files a complaint and prosecutes the action, the action may be maintained. If the insurance carrier declines to prosecute the action, the plaintiff may not be without a remedy.

Reversed.