JOHN GODWIN, JR. v. WALTER E. VINSON.

(Filed 25 November, 1959.)

**1. Partnership § 8—**
　　One partner may not sue in his own name upon a cause of action in favor of the partnership, and where the evidence discloses that the action by a single individual was on a partnership claim nonsuit is properly entered.

APPEAL by plaintiff from *Phillips, J.,* March, 1959 Term, ROWAN Superior Court.

Civil action to recover $1,065.80 which the plaintiff alleged was the total amount of loans he made to the defendant from April 19, 1957, until March 27, 1958. The defendant denied the material allegations of the complaint and set up as a further defense that he was employed by, did work for, and all his transactions were with Godwin Brothers; that Godwin Brothers failed and refused to make advances in accordance with the terms of their contract, which failure forced him to seek other employment.

The plaintiff testified he did not claim the amount sued on was due him individually. "Well, it is owed to the Godwin Brothers, which is a name we go under. . . . It is a family business and my brother and my father and I all have an equal share in it."

At the close of the evidence the defendant moved to dismiss upon the ground the action was not brought in the name of the real party in interest. The plaintiff then moved that the partnership, namely Godwin Brothers, be made a party plaintiff, and the court in its discretion denied the motion.

The court entered an order dismissing the action. The plaintiff excepted to the refusal of the court to allow the amendment, and appealed.

*Graham M. Carlton for plaintiff, appellant.*
*George L. Burke, Jr., for defendant, appellee.*

PER CURIAM. The appeal brings up for review the order refusing the amendment and the order dismissing the action. It is settled law in this State that one partner may not sue in his own name, and for his benefit, upon a cause of action in favor of a partnership. The plaintiff's own evidence shows the partnership is the real party in interest. The plaintiff cannot maintain this action, hence nonsuit was proper. *Chapman v. McLawhorn,* 150 N.C. 166, 63 S.E. 721.

Affirmed.