NOMMIE J. GOODWIN v. ANNA B. WHITENER AND HUSBAND, CLAUDE R. WHITENER, JR.

(Filed 14 October, 1964.)

**1. Appeal and Error § 2—**

The Supreme Court must take cognizance *ex mero motu* of a fatal defect appearing on the face of the complaint, constituting a part of the record proper.

**2. Corporations § 12—**

Mismanagement of corporation affairs by directors, causing the corporation to become insolvent, gives rise to a cause of action in favor of the corporation, and a creditor may not sue the directors on such cause of action in the absence of an allegation of demand on and refusal of the corporation or its receiver to institute such action, and even in that instance the corporation must be made a party.

APPEAL by plaintiff from *Bundy, J.,* February 20, 1964 Session, WAKE Superior Court.

The plaintiff instituted this civil action against Anna B. Whitener and her husband, Claude R. Whitener, Jr., alleging in substance (1) they were the incorporators and directors of Southern Protective and Patrol Service, Inc.; (2) the corporation is indebted to the plaintiff in

the sum of $6,073.60 due by judgment of the Federal Court for services, attorney's fees, and costs; (3) execution on the judgment has been issued and returned unsatisfied for lack of assets; (4) the defendant Anna B. Whitener was the manager and in control of the affairs of the corporation; (5) her "reckless, extravagant, and fraudulent schemes and devices caused the insolvency of the corporation"; (6) thereby causing loss and damage to the plaintiff. The plaintiff prayed for judgment against the defendants "jointly and severally" for the amount of his judgment.

Before time to answer, the defendants filed a motion to strike certain parts of the complaint. On November 15, 1963, Judge Bickett entered an order allowing in part and denying in part the motion to strike. On January 2, 1964, the clerk of the superior court entered a judgment by default and inquiry for failure to file an answer. On January 30, 1964, the defendant moved to set aside the default judgment, alleging excusable neglect and a meritorious defense without specifying facts in support of either averment. On February 20, 1964, Judge Bundy, finding excusable neglect and "that there is a possibility that the defendants have a good and meritorious defense," entered an order setting aside the default judgment. The plaintiff appealed.

*Davis & Brown by Lemuel H. Davis for plaintiff appellant.*
*No counsel contra.*

HIGGINS, J.   The complaint is the foundation document in this civil action. Hence, it is before the Court as a part of the record proper, of which we take notice. *Skinner v. Transformadora,* 252 N.C. 320, 113 S.E. 2d 717, citing many cases. The complaint alleges that two directors of the corporation were guilty of such mismanagement of the corporate affairs as caused the company to become insolvent and unable to pay the plaintiff's judgment. A claim of mismanagement exists in favor of the corporation. The duties which have been breached by this mismanagement are duties primarily to the corporation. Before a creditor or stockholder may sue those guilty of mismanagement, he must allege a demand on the corporation, or its receiver if insolvent, to bring the suit and a refusal to do so. Even then the corporation must be made a party defendant; and any recovery must be held for the benefit of the corporation. *Coble v. Beall,* 130 N.C. 533, 41 S.E. 794; *McIver v. Hardware Co.,* 144 N.C. 478, 57 S.E. 169; *Douglass v. Dawson,* 190 N.C. 458, 130 S.E. 195; *Corporation Commission v. Bank,* 193 N.C. 113, 136 S.E. 362. "Where, however, an officer of a corporation so utilizes his authority as to benefit himself to the detriment of the corporation, a right of

action accrues to the corporation." *Fulton v. Talbert,* 255 N.C. 183, 120 S.E. 2d 410.

Under the authority of the cases cited, we hold the plaintiff's complaint fails to state a cause of action. For the reasons assigned in *Transformadora, supra,* and the many cases therein cited, we remand the case to the Superior Court for the entry of judgment dismissing the action. This disposition makes unnecessary any discussion of the questions discussed in the appellant's brief.

Remanded.