LEWIS B. UNDERWOOD, ADMINISTRATOR OF THE ESTATE OF HAROLD DEAN UNDERWOOD, DECEASED, v. O. F. STAFFORD, JR., PICKETT C. STAFFORD, ROBERT L. LENTZ AND MRS. ROBERT L. LENTZ.

(Filed 20 June, 1967.)

**1. Corporations § 4—**

Liabilities imposed by G.S. 55-32 upon the directors of a corporation are in addition to other liabilities imposed by law upon them, and officers and directors may be held liable in this State for breach of their fiduciary duties to the corporation in failing to preserve and to distribute properly the assets of the corporation.

**2. Corporations § 12—**

Plaintiff recovered judgment against a corporation and execution on the judgment was returned unsatisfied. Plaintiff instituted this action

against the officers, directors and stockholders of the corporation alleging that they had committed a fraud upon the creditors of the corporation by wrongfully appropriating to themselves all of the assets of the corporation. *Held:* The breach of duty on the part of defendants alleged in the complaint was a duty owed primarily to the corporation, and the corporation is a necessary party to the suit, and in such suit appointment of a receiver would be appropriate.

**3. Appeal and Error § 2; Parties § 1—**

The Supreme Court will take notice *ex mero motu* of the absence of a necessary party to an action and remand the cause for joinder of such necessary party.

LAKE, J., concurring in result.

APPEAL by plaintiff from *Gambill, J.*, 31 October 1966 Civil Session of FORSYTH.

On 4 August 1958 Harold Dean Underwood was killed in an accident while riding as a guest passenger in an automobile driven by Jerry Wayne Otwell. Thereafter, plaintiff administrator sued the estate of Jerry Wayne Otwell for the wrongful death of plaintiff's intestate, and recovered judgment in the amount of $8,000, which was duly docketed 10 February 1961. Execution was issued and returned unsatisfied. In April 1961 plaintiff brought action against National Grange Mutual Liability Company, the alleged insurer of the deceased Otwell, and against Southern Excess, Inc. (formerly Freeman and Stafford Insurance Agency, Inc.), the alleged successor to the issuing agent. In July 1962 judgment was entered against National Grange, and judgment of nonsuit entered as to Southern Excess, Inc. Plaintiff and National Grange appealed to this Court, which reversed the judgment as to National Grange and granted plaintiff a new trial against Southern Excess, Inc. (*Underwood v. Liability Co.*, 258 N.C. 211, 128 S.E. 2d 577).

In May 1963 plaintiff secured a judgment against Southern Excess, Inc., in the amount of $8,000. Execution was issued on this judgment and returned unsatisfied. On 5 October 1963 defendants were examined pursuant to G.S. 1-352 *et seq.* On 31 October 1963 plaintiff filed complaint in this action alleging that after notice of plaintiff's claim, defendants, as officers, directors and stockholders of Southern Excess, Inc., had committed a fraud upon creditors by wrongfully appropriating to themselves all the assets of the corporation. It was further alleged that the corporation ceased doing business after March 1961, but dissolution of its corporate existence was not effected. Plaintiff prayed that he recover the amount of his judgment with interest and costs. By pre-trial order dated 31 August 1964 this action was dismissed as to Robert L. Lentz. The case

came on for trial in October 1966, and at the close of plaintiff's evidence judgment as of involuntary nonsuit was entered. Plaintiff appeals.

*Alvin A. Thomas and Randolph & Drum for plaintiff.*
*Jordan, Wright, Henson & Nichols, by William D. Caffrey for defendant appellees.*

BRANCH, J. G.S. 55-32 provides for the liability of directors in certain cases, and in each section where liability is imposed on directors, it is stated that the directors shall be *"liable to the corporation."* G.S. 55-114(d) in pertinent part provides:

> "The dissolution of a corporation shall not take away or impair any remedy available to or against such corporation for any right or claim, not covered by subsection (f) of this section, existing or for any liability incurred prior to such dissolution if the action or proceeding is commenced within two years after the filing of a certificate of completed liquidation, and the plaintiff or petitioner must allege and prove that the action or proceeding is commenced within such period. Nothing herein shall extend any applicable period of limitation."

The liabilities imposed by G.S. 55-32 are in addition to other liabilities imposed by law upon directors of a corporation. We recognize that North Carolina adheres to the "trust fund doctrine," which means, in a sense, that the assets of a corporation are regarded as a trust fund, and the officers and directors occupy a fiduciary position in respect to stockholders and creditors, which charges them with the preservation and proper distribution of those assets. It is firmly established in our jurisdiction that a person occupying a place of trust, or a fiduciary relation, should not put himself in a position in which self interest conflicts with any duty he owes to those for whom he acts, and upon purchasing the property of those to whom he owes a fiduciary duty he must affirmatively show full disclosure and fair dealing. *McIver v. Hardware Co.,* 144 N.C. 478, 57 S.E. 169; *Hospital v. Nicholson,* 189 N.C. 44, 126 S.E. 94; *Manufacturing Co. v. Bell,* 193 N.C. 367, 137 S.E. 132.

The duty which plaintiff contends has been breached is a duty owed primarily to the corporation. *Fulton v. Talbert,* 255 N.C. 183, 120 S.E. 2d 410.

In the case of *Goodwin v. Whitener,* 262 N.C. 582, 138 S.E. 2d 232, plaintiff instituted action against Anna B. Whitener and her husband, Claude R. Whitener, Jr., directors of Southern Protective

Patrol Service, Inc., alleging that the corporation was indebted to the plaintiff by virtue of a judgment previously obtained in the federal court, and that execution on the judgment had been issued and returned unsatisfied for lack of assets. The plaintiff further alleged that the defendant, Anna B. Whitener, acting as manager of the corporation, by her reckless, extravagant and fraudulent schemes and devices caused the insolvency of the corporation. The Clerk of Superior Court entered a judgment by default and inquiry for failure to file answer, and upon defendants' motion the default judgment was set aside on the grounds of excusable neglect and the "possibility that the defendants had a good and meritorious defense." Plaintiff appealed from this order. Holding that the complaint failed to state a cause of action, and remanding the cause to the Superior Court for entry of judgment dismissing the action, the Court, speaking through Higgins, J., stated:

> ". . . The complaint alleges that two directors of the corporation were guilty of such mismanagement of the corporate affairs as caused the company to become insolvent and unable to pay the plaintiff's judgment. A claim of mismanagement exists in favor of the corporation. The duties which have been breached by this mismanagement are duties primarily to the corporation. Before a creditor or stockholder may sue those guilty of mismanagement, he must allege a demand on the corporation, or its receiver if insolvent, to bring the suit and a refusal to do so. Even then the corporation must be made a party defendant; and any recovery must be held for the benefit of the corporation. *Coble v. Beall,* 130 N.C. 533, 41 S.E. 794; *McIver v. Hardware Co.,* 144 N.C. 478, 57 S.E. 169; *Douglass v Dawson,* 190 N.C. 458, 130 S.E. 195; *Corporation Commission v. Bank,* 193 N.C. 113, 136 S.E. 362."

If the cause of action were founded on injuries peculiar or personal to plaintiff himself, so that any recovery would not pass to the corporation and indirectly to other creditors, the cause of action could have been properly asserted by plaintiff; however, where the alleged breach or injuries are based on duties owed to the corporation and not to any particular creditor or stockholder, the creditor or stockholder cannot maintain the action without a demand on the corporation, or its receiver if insolvent, to bring the suit and a refusal to do so, and a joinder of the corporation as a party. *Coble v. Beall,* 130 N.C. 533, 41 S.E. 793; *Goodwin v. Whitener, supra;* G.S. 55-32(1).

Out statutory law has not changed, but rather has codified the

rule that the primary right of enforcement of liabilities to the corporation lies in the corporation, and as such the corporation is the real party in interest and a necessary party to such action. G.S. 55-32; *Skinner v. Transformadora, S. A.*, 252 N.C. 320, 113 S.E. 2d 717; G.S. 1-57.

In the case of *Chapman v. McLawhorn*, 150 N.C. 166, 63 S.E. 721, an agent for Royster Guano Company brought action in his own right to recover the account due Royster. The Court, in affirming nonsuit entered by the lower court, stated:

"As it is clear that the proceeds of any judgment in this action, if recovered by the plaintiffs, would be the property of the Royster Guano Company, the court properly allowed the motion for nonsuit, on the ground that 'the evidence disclosed that the plaintiffs were not the owners of the account sued on.'"

See also *McCarley v. Council*, 205 N.C. 370, 171 S.E. 323, and *Godwin v. Vinson*, 251 N.C. 326, 111 S.E. 2d 180.

"Whenever, as here, a fatal defect of parties is disclosed, the Court should refuse to deal with the merits of the case until the absent parties are brought into the action, and in the absence of a proper motion by a competent person, the defect should be corrected by *ex mero motu* ruling of the Court. *Peel v. Moore*, 244 N.C. 512, 94 S.E. 2d 491; *Edmondson v. Henderson, supra* (246 N.C. 634, 99 S.E. 2d 869)." *Morganton v. Hutton & Bourbonnais Co.*, 247 N.C. 666, 101 S.E. 2d 679.

The pleadings and evidence tend to show that the corporation was insolvent and inactive, and that the property of the corporation had been divided among or purchased by the directors and stockholders for an undisclosed consideration. Under the circumstances, the corporation should be made a party to the action, and the appointment of a receiver would be appropriate.

Without dealing with the merits of the case, the judgment below is vacated and the case is remanded to the end that further proceedings may be had consistent with this opinion.

Error and remanded.

LAKE, J., concurring: The alleged wrong is not an injury to the corporation by mismanagement of its business of properties. The alleged wrong is a fraudulent conveyance of its assets to the injury of its creditors, specifically this plaintiff. He does not allege a derivative right originating in a wrong done to the corporation. He alleges a personal right originating in a direct injury to him. He sues the

defendants not as incompetent, negligent or dishonest directors who wronged their corporation, but as *mala fide* grantees in a fraudulent conveyance of his debtor's property. The corporation may have no cause of action. A fraudulent conveyance is not a wrong to the fraudulent grantor. The defrauded creditor can sue in his own name to set it aside, or to subject the assets so conveyed by his debtor to the payment of his claim, because the conveyance is a wrong to him. He is the real party in interest because it is he who has been injured. That his debtor, the fraudulent grantor is a corporation does not alter this. See: *McIver v. Hardware Co.*, 144 N.C. 478, 57 S.E. 169; 19 Am. Jur. 2d, Corporations, § 1352; Stevens on Corporations, § 187; 19 C.J.S., Corporations, § 1382. The distribution by a corporation of all of its assets among its stockholders without paying its debts is just a common, garden variety of a fraudulent conveyance. The trust fund theory of a stockholder's liability on an unpaid stock subscription is not involved in a proceeding to reach assets fraudulently conveyed. If there are other creditors entitled to share in the assets fraudulently distributed among the shareholders, they may intervene in the plaintiff's suit to protect their rights. *Refining Co. v. Bottling Co.*, 259 N.C. 103, 130 S.E. 2d 33. The appointment of a receiver in order that the property may be recovered and applied for the benefit of all the creditors would be appropriate. *Pender v. Speight*, 159 N.C. 612, 75 S.E. 851, *McIver v. Hardware Co., supra*. That, however, is not the only remedy available to a defrauded judgment creditor of the corporation. I, therefore, concur in the result reached by the majority.