**FORD MOTOR CREDIT COMPANY,**
Appellant,

v.

**L. Dean MINGES et al., Appellees.**

No. 72-1564.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 1, 1972.

Decided Feb. 7, 1973.

920

J. O. Tally, Jr., Fayetteville, N. C. (Robert F. Page, David F. Stover, and Tally, Tally & Bourknight, Fayetteville, N. C., on brief), for appellant.

James R. Nance and Heman R. Clark, Fayetteville, N. C. (David A. Harlow, Wilmington, N. C., on brief), for appellees.

Before BUTZNER, FIELD and WIDENER, Circuit Judges.

BUTZNER, Circuit Judge:

Ford Motor Credit Company appeals from a judgment dismissing its claims against the president and directors of Fayetteville Tractor and Equipment Co., Inc., notwithstanding a jury verdict in Ford's favor. Ford asserts that the district court misconstrued North Carolina law governing Ford's standing to sue, erred in determining that there was insufficient evidence to support the verdict, improperly applied the statute of limitations, and abused its discretion in granting a conditional new trial. We vacate the judgment notwithstanding the verdict and remand the case for a new trial.

Until shortly before Fayetteville Tractor was placed in receivership, Ford furnished it wholesale credit by financing its inventory through trust receipts. Ford also provided retail credit by accepting assignments of customers' retail contracts with recourse. Ford brought this action against the president and directors of the company to recover losses it suffered on both types of its secured extensions of credit. It asserted two bases of liability—fraud and gross negligence. The jury returned a special verdict against Ford on the fraud theory, but in Ford's favor on the negligence theory. The district court, holding that the evidence was insufficient to sustain the verdict as to losses that were not barred by the statute of limitations, set aside the verdict and granted final judgment in favor of the corporate officers. In the alternative, the district court granted a new trial.

Drawing on several North Carolina cases,[1] the district court correctly formulated the following rules for a creditor's standing to sue corporate directors for fraud or negligent mismanagement:

"1. Where a creditor of a corporation has sustained an identifiable loss

1. Underwood v. Stafford, 270 N.C. 700, 155 S.E.2d 211 (1967) ; Goodwin v. Whitener, 262 N.C. 582, 138 S.E.2d 232 (1964) ; Minnis v. Sharpe, 202 N.C. 300, 162 S.E. 606 (1932) ; Bane v. Powell, 192 N.C. 387, 135 S.E. 118 (1926) ; Douglass v. Dawson, 190 N.C. 458, 130 S.E. 195 (1925) ; Coble v. Beall, 130 N.C. 533, 41 S.E. 793 (1902).

peculiar and personal to himself by reason of the fraud or negligent mismanagement of the corporation's business by its directors, he has a cause of action against the directors for the recovery of his personal loss, and such recovery will inure to him personally and not to the other creditors of the corporation.

"2. Where the alleged fraud or negligent mismanagement has resulted in loss to the corporation and its creditors generally, the right of action belongs to the corporation and it may be maintained only in the name of the corporation or its receiver if it is insolvent. It is only where the corporation or its receiver declines upon request to bring the action that it may be maintained by an individual creditor, but even then the proceeds of any recovery are held for the benefit of all creditors of the corporation." [2]

■ These principles grant Ford standing to sue to recover losses, if any, resulting from a failure to account for sales of equipment out of trust which were authorized by the president. Ford also has standing to recover losses, if any, resulting from misrepresentations that retail paper was secured by first liens on equipment or from forged or altered retail contracts that were represented to be genuine.

■ Ford cannot sue the directors merely because it is a secured creditor. It does not have standing to sue for deficiencies in payment of wholesale financing when the equipment secured by the trust receipts was lawfully disposed of by the receiver. Nor may Ford recover damages from the directors simply because the corporation failed to honor its obligation to repurchase defaulted paper.

The court submitted Ford's negligence claim to the jury on the theory that Ford could recover against the president for losses caused by his gross negligence and mismanagement. It charged that Ford could recover against the directors on the theory that they would be liable if Ford suffered losses because of their serious mismanagement or gross negligence or because they entrusted the president with the entire management of the corporation when they knew, or in the exercise of reasonable care, should have known of his wrongdoing. The jury found for Ford on these issues.

■ Viewing the evidence, as we must, in the light most favorable to Ford, McClure v. Price, 300 F.2d 538, 543 (4th Cir. 1962), the proof presented a question for the jury, and it was error to enter judgment notwithstanding the verdict. Without describing in detail the company's tangled affairs, we believe that from the president's guilty plea to a charge of false pretenses, from his written statements to an officer of the State Bureau of Investigation, and from other testimony, the jury could have found that he was guilty not only of gross negligence, but also of fraud. Quite properly, the district court did not admit evidence of his plea or statements against the other directors. But from other evidence, the jury could have found that the directors knew, or should have known, that the president had embarked on a course of cheating, false dealing, and mismanagement. From this evidence, the jury could have found gross negligence and serious mismanagement, which foreseeably led to the sales out of trust and the spurious retail financing that resulted in Ford's losses.

■ There was other evidence, however, which tended to show that the officers of the corporation were not responsible for Ford's losses. Moreover, the president, claiming that he was coerced by state officers, repudiated his plea of guilty and his written statement. He also testified that shortly before he was removed from active control of the business, the corporation settled with Ford

2. Fayetteville Tractor's receiver had previously brought an action against the directors in state court. Ford, therefore, had no right to maintain this action for the benefit of all creditors.

for all equipment sold out of trust. But the jury was not bound to accept this testimony. In sum, since reasonable men could differ over the conflicting evidence and the inferences to be drawn from it, a jury must be permitted to resolve the controversy. Beaty Shopping Center, Inc. v. Monarch Ins. Co., 315 F. 2d 467, 469 (4th Cir. 1963).

■ We find no merit in Ford's complaints that the district court misconstrued North Carolina's statute of limitations and applied it unconstitutionally. The limitation for actions based on fraud or on negligence is three years. N.C.Gen.Stat. § 1–52 (1969). With respect to claims based on negligence, the cause of action accrues when the wrong is committed. Shearin v. Lloyd, 246 N. C. 363, 98 S.E.2d 508 (1958).[3] In contrast, a cause of action based on fraud, including forgery, does not accrue until discovery. N.C.Gen.Stat. § 1–52(9) (1969); Cooper v. Floyd, 9 N.C.App. 645, 177 S.E.2d 442 (1970).

■ With respect to Ford's negligence claims, therefore, the statute of limitations began to run on losses arising out of wholesale financing when the equipment was sold out of trust. On losses from retail financing caused by negligence, the statute began to run when Ford purchased customer's contracts that were improperly secured. On Ford's fraud claims, the statute began to run when Ford discovered, or should have discovered, the facts constituting the fraud. B–W Acceptance Corp. v. Spencer, 268 N.C. 1, 149 S.E.2d 570, 575 (1966).

■ Ford contends that the application of the three-year negligence statute of limitations to its losses from defaulted retail paper unconstitutionally deprives it of due process of law. It argues that the three-year statute could run before it actually suffered any loss through nonpayment of the balance due. Analysis of the facts, however, demonstrates that Ford's claim is not well founded. Under North Carolina law, as we have previously mentioned, Ford has no cause of action against the corporate officers simply because the corporation did not honor its commitment to repurchase defaulted retail paper. With respect to claims of this type, Ford stands as any other creditor of the corporation. The gravamen of Ford's negligence claim with respect to the retail contracts is Fayetteville Tractor's failure to exercise due care to secure the paper by valid first liens. Ford could readily have ascertained whether the liens were invalid by searching the appropriate records to determine whether prior liens existed, by contacting the customers, and by identifying the equipment pledged as security. If it had found that the retail paper was improperly secured, it could have brought suit immediately without awaiting nonpayment. Of course, if a retail transaction was fraudulent, the cause of action would not accrue until Ford discovered, or should have discovered, the fraud.

The district court ordered separate trials on the issues of liability and damages. Ford interpreted the court's order to permit it to present additional specific contracts on which it claimed losses at the time of the trial of the damage issue. Ford contends, therefore, that it was premature to consider the application of the statute of limitations to any claims because many of them were not in evidence. The district court interpreted the liability issue to encompass the question of the statute of limitations. We need not comment on this unfortunate misunderstanding other than to say that on retrial, if the issues are separated, a pretrial order should carefully delineate the division so all parties will know what is expected of them.

■ The grant of a new trial requires only brief comment. We defer to the district judge's conscientious appraisal of his charge. The jury may have been confused by the instructions

3. This rule was modified in 1971 by an amendment to N.C.Gen.Stat. § 1–15. The amendment does not affect this case.

and interrogatories concerning the complex issues of fraud and negligence and the legal significance of the disparate roles played by the president and the other directors. Under these circumstances, the trial judge must be allowed wide discretion in granting a new trial. *See* Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 216, 67 S.Ct. 752, 91 L.Ed. 849 (1947); Lind v. Schenley Industries, Inc., 278 F.2d 79, 90 (3d Cir. 1960).

The judgment is vacated, and the case is remanded for a new trial. Each party shall bear its own costs.