**In re SUNSHINE PRECIOUS METALS, INC., Debtor.**

**Clarence B. HALL, Plaintiff,**

v.

**SUNSHINE MINING COMPANY, Defendant.**

**Bankruptcy No. 92–00749.
Adversary No. 93–6023.**

United States Bankruptcy Court, D. Idaho.

July 22, 1993.

Joseph M. Meier, Cosho, Humphrey, Greener & Welsh, Boise, ID, for plaintiff.

Ford Elsaesser, Elsaesser, Jarzabek, Buchanan & Dressel, Sandpoint, ID, for defendant.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

This adversary proceeding is a class action by Clarence Hall as representative plaintiff ("plaintiff"), against Sunshine Mining Company ("Sunshine") and numerous individual defendants. Originally commenced in state court in Texas, one individual defendant removed the action to the U.S. Bankruptcy Court for the Northern District of Texas. That court severed the plaintiff's claims against the individual defendants and remanded those to the state court, and transferred venue of the action against Sunshine to this district. Now before the Court is Sunshine's motion to dismiss, and the plaintiff's motion to abstain or remand. For the reasons discussed below, I deny the plaintiff's motion to abstain or remand, and grant Sunshine's motion to dismiss.

### LEGAL STANDARDS

This motion to dismiss is brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable here by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. The allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Westinghouse Electric Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934 (9th Cir.1993). A complaint should not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

### FACTS

Plaintiff brought this action in state court in Texas as the representative plaintiff of the class of persons who held silver indexed bonds issued by Sunshine Precious Metals, Inc. ("SPMI"). SPMI is the debtor in the above-captioned case, but was not a defendant before the state court. Instead, the action was brought against Sunshine (the parent corporation of SPMI), and numerous individual defendants who were, at the relevant time, officers and directors of SPMI.

The transaction upon which plaintiff bases his complaint was the so-called recapitalization of SPMI in 1988. Plaintiff alleges the defendants made SPMI transfer over $233,000,000 in assets to Sunshine in August of 1988, in exchange for which Sunshine only assumed $79,000,000 in debt. The effect of such transfer was to leave SPMI "with insufficient assets to pay its operating expenses and to satisfy its obligations to the holders of the Bonds." Complaint, ¶ 18. Plaintiffs allege causes of action for a fraudulent transfer under the Texas Fraudulent Transfer Act, Tex.Bus. & Com.Code Ann. §§ 24.001–24.013, and an illegal dividend under Del.Code Ann. tit. 8, § 173. Plaintiffs also alleged a cause of action for breach of fiduciary duty against the individual defendants. No federal cause of action was asserted.

The state court action was removed to the U.S. Bankruptcy Court for the Northern District of Texas by Fred Humphreys, one of the individual defendants. Humphreys moved for the bankruptcy court to transfer venue of the action to this district. Plaintiff moved the bankruptcy court to either remand the case to state court, or to abstain from hearing the action. After a

hearing, the Hon. Harold C. Abramson, Bankruptcy Judge, severed the actions against the individual defendants and remanded these to the state court. That portion of the action that was directed against Sunshine was retained in the bankruptcy court, however, and venue transferred to this Court.

Sunshine has moved to dismiss the complaint, on the grounds the confirmed chapter 11 plan of SPMI has transferred the claim to SPMI solely. Plaintiff contests this argument. Plaintiff also moves for this Court to either remand the action or abstain in favor of the state court.

### MOTION TO DISMISS

Sunshine contends this action is precluded by the plan of reorganization itself. Section 11.1 of SPMI's plan, argues Sunshine, granted to SPMI the sole right to bring any action against Sunshine.[1] Because the plan is binding upon all creditors pursuant to section 1141, the plaintiff is precluded from bringing this action.

Sunshine is correct, though I find it unnecessary to construe section 11.1 of the plan as broadly as Sunshine argues. The issue is whether SPMI has standing to assert the causes of action presented by the plaintiff in this case, and the effect of such standing on the plaintiff's abilities to assert the cause of action.

Cases denying standing to creditors attempting to recover property of the estate predate not only the Bankruptcy Code, but even the Bankruptcy Act of 1898. In *Glenny v. Langdon*, 98 U.S. 20, 25 L.Ed. 43 (1878), the Supreme Court held a creditor had no standing to recover a fraudulent transfer by the debtors. The Court stated:

Creditors can have no remedy which will reach property fraudulently conveyed, except through the assignee, for two reasons: 1. Because all such property, by the express words of the Bankrupt Act, vest in the assignee by virtue of the adjudication in bankruptcy and of his appointment. 2. Because they cannot sustain any suit against the bankrupt.

Property fraudulently conveyed vests in the assignee, who may recover the same and distribute its proceeds as the Bankrupt Act requires. Such a conveyance, says Curtis, is no effectual conveyance as against the interest intended to be defrauded, which is represented by the assignee, so far as respects all creditors who prove their claims. They can have no remedy which will reach such property except through the assignee, not only for the reasons already assigned, but because their remedies are absorbed in the great and comprehensive remedy under the commission by virtue of which the assignee is to collect and distribute among them the property of their debtor, "to which they are justly and legally entitled." *Carr v. Hilton*, 1 Curt.C.C. 234.

98 U.S. at 27–28.

More recent cases have reached a similar conclusion. In *Koch Refining v. Farmers Union Cent. Exchange, Inc.*, 831 F.2d 1339 (7th Cir.1987), *cert. denied*, 485 U.S. 906, 108 S.Ct. 1077, 99 L.Ed.2d 237 (1988), several defendants in a preference action attempted to sue the member-owners of the debtor corporation, alleging the debtor corporation was the alter-ego of the member-

---

1. Section 11.1 of SPMI's Plan provides:

To the extent not otherwise adjudicated or settled prior to or as part of this Plan, all rights pursuant to sections 502, 510, 541, 544, 545 and 546 of the Bankruptcy Code, all preference claims pursuant to section 547 of the Bankruptcy Code, all fraudulent transfer claims pursuant to sections 544 or 548 of the Bankruptcy Code, all claims relating to post-petition transactions under section 549 of the Bankruptcy Code, all claims recoverable under section 550 of the Bankruptcy Code, and all claims (including, but not limited to, claims arising at common law or at equity) against any Person on account of any debt or other claim owed to or in favor of the Debtor are hereby preserved and retained for enforcement by Reorganized SPMI, from and after the Effective Date of the Plan. Such claims of the Debtor against any Person may be used by Reorganized SPMI at its option, to offset any payment due to such Person under the Plan. As used in this Section XI, "claim" has the same meaning as set forth in section 101(5) of the Bankruptcy Code.

Amended Plan of Reorganization, § 11.1.

**162**

owners. The Seventh Circuit held that the preference defendants did not have standing to bring the action, because the cause of action was vested with the trustee.

> [T]he trustee has no standing to bring *personal* claims of creditors. A cause of action is "personal" if the claimant himself is harmed and no other claimant or creditor has an interest in the cause. But allegations that could be asserted by any creditor could be brought by the trustee as a representative of all creditors. If the liability is to all creditors of the corporation without regard to the personal dealings between such officers and such creditors, it is a general claim. *See* 3A *Fletcher Cyc Corp* §§ 1134, 1277.1 (rev. perm. ed. 1986).
>
> A trustee may maintain only a general claim. His right to bring a claim "depends on whether the action vests in the trustee as an assignee for the benefit of creditors or, on the other hand, accrues to *specific* creditors." *Cissell v. American Home Assurance Co.*, 521 F.2d 790, 793 (6th Cir.1975), *cert. denied,* 423 U.S. 1074, 96 S.Ct. 857, 47 L.Ed.2d 83 (1976) (trustee lacked standing to seek performance of an insurance policy on behalf of certain specific creditors of the debtor). *See also Cumberland Oil Corp. v. Thropp,* 791 F.2d 1037 (2d Cir.1986), *cert. denied,* 479 U.S. 950, 107 S.Ct. 436, 93 L.Ed.2d 385 (1986).
>
> The equally valid mirror-image principle is that a single creditor may not maintain an action on his own behalf against a corporation's fiduciaries if that creditor shares in an injury common to all creditors and has personally been injured only in an indirect manner. *Delgado Oil Co., Inc., v. Torres,* 785 F.2d 857, 861 (10th Cir.1986) (liability of the corporation's fiduciary for violating a trust relationship applied to all creditors); *Ford Motor Credit Co. v. Minges,* 473 F.2d 918, 920–21 (4th Cir.1973) (right of action for directors' negligent mismanagement may only be maintained in name of corporation or its receiver if insol-

vent); *Dana Molded Products, Inc. v. Brodner,* 58 B.R. 576, 580 (N.D.Ill.1986) (creditor may not bring action against corporation's fiduciaries where the creditor is harmed indirectly); *In re Western World Funding, Inc.,* 52 B.R. [743], at 773 [ (Bankr.D.Nev.1985) ][2] (action for fiduciary misconduct must be brought in the name of the corporation for the benefit of all persons entitled to participate in the recovery).

> To determine whether an action accrues individually to a claimant or generally to the corporation, a court must look to the injury for which relief is sought and consider whether it is peculiar and personal to the claimant or general and common to the corporation and creditors.

831 F.2d at 1348–49 (emphasis in original). *See St. Paul Fire and Marine Ins. Co. v. PepsiCo, Inc.,* 884 F.2d 688, 700–02 (2d Cir.1989) (guarantor of debtor's bonds did not have standing to bring an independent action in federal court against corporate parent alleged to have stripped the debtor of assets, since the action was property of the estate; the court noted that the trustee and creditors' committee had already commenced a similar action in bankruptcy court); *Delgado Oil Co., Inc., v. Torres,* 785 F.2d 857, 861–62 (10th Cir.1986) (where creditor of corporation brought action against individual director of corporation for unlawful preferential payments in breach of fiduciary duty, and corporation filed for bankruptcy, district court was deprived of jurisdiction to hear action; action became vested solely with debtor in possession); *Am. Nat'l Bank of Austin v. MortgageAmerica Corp. (In re MortgageAmerica Corp.),* 714 F.2d 1266, 1275 (5th Cir. 1983) (creditor was prohibited by the automatic stay from bringing action, including claim under the Texas Fraudulent Transfer Act as it then existed, against controlling shareholder of debtor corporation; action vested in trustee as a result of corporation's bankruptcy); *Barnett v. Stern,* 93 B.R. 962, 968–69 (N.D.Ill.1988), *rev'd on other grounds,* 909 F.2d 973 (7th Cir.1990)

---

**2.** *Affirmed in part, rev'd in part on other grounds, Buchanan v. Henderson,* 131 B.R. 859

(D.Nev.1990), *rev'd, Henderson v. Buchanan,* 985 F.2d 1021 (9th Cir.1993).

(creditors who brought action for fraud and RICO against debtor and son for concealing assets did not have standing to sue on their own behalf; trustee was proper party to bring action after debtor filed bankruptcy).

Such a restriction on standing is supported by the both the language and the purpose of the Bankruptcy Code. Section 541 creates an estate on the filing of bankruptcy, and provides that "all legal or equitable interests of the debtor in property" become property of the estate. 11 U.S.C. § 541(a)(1).[3] Section 362, in contrast, prevents any entity from obtaining such property of the estate. 11 U.S.C. § 362(a)(3).[4] As one court explained:

> When considering the automatic stay provision, the House Report stated that the stay "provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors." H.R.Rep. No. 595, 95th Cong., 2nd Sess. 340, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6297. It is plain from this passage that Congress intended to protect all creditors by making the trustee the proper person to assert claims against the debtor. This reasoning extends to common claims against the debtor's alter ego or others who have misused the debtor's property in some fashion. If a claim is a general one, with no particularized injury arising from it, and if that claim could be brought by any creditor of the debtor, the trustee is the proper person to assert the claim, and

the creditors are bound by the outcome of the trustee's action....

Although the claims raised by PepsiCo [a creditor] are not against the debtor but are against a third party, the same reasoning applies. The claims, if proved, would have the effect of bringing the property of the third party into the debtor's estate, and thus would benefit all creditors. It therefore would be illogical to distinguish between this type of claim against a third party and a claim against the debtor.

*St. Paul Fire and Marine, supra,* 884 F.2d at 700–01 (citations omitted).

This conclusion also facilitates administration of cases in bankruptcy. "Actions for the recovery of the debtor's property by individual creditors under state fraudulent conveyance laws would interfere with this estate and with the equitable distribution scheme dependent upon it.... Any other result would produce near anarchy where the only discernable organizing principle would be first-come-first-served." *MortgageAmerica, supra,* 714 F.2d at 1276.

To summarize: A creditor of a debtor does not have standing to assert an action against a third party if the creditor has only suffered a general injury, common to all creditors and derivative of injury to the debtor, and if the trustee (or debtor in possession) has standing to assert the cause of action against the third party. The first issue in this case, then, turns on whether the asserted causes of action involve injury particular to the plaintiff (and the other bondholders), or whether they are general causes of action that might be as-

---

**3.** Section 541 provides in its pertinent part:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541(a)(1).

**4.** Section 362 provides in pertinent part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee (a)(3)), operates as a stay, applicable to all entities, of—
>
>    *    *    *    *    *    *
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
> ....

11 U.S.C. § 362(a)(3).

serted by any creditor. Two causes of action are asserted here: (1) violations of the Texas Fraudulent Transfer Act, Tex. Bus. & Com.Code Ann. §§ 24.001–24.013; and (2) an illegal dividend under Del.Code Ann. tit. 8, § 173. (The claims against individual officers and directors for breach of fiduciary duty are not before the Court, having been severed and remanded to state court.)

The right to a cause of action under the Texas Fraudulent Transfer Act is a general one, properly asserted by the debtor in possession. The nature of the claim under this section is such that injury to any creditor is only derivative of the primary injury to the debtor; that is, each creditor is only hurt to the extent that the debtor's financial position has been worsened by the alleged fraudulent transfer. Such injury is not particular to any one class of creditors; it strikes at all creditors of the debtor equally. Moreover, section 24.008 of the Texas Business and Commerce Code, governing remedies under the Fraudulent Transfer Act, grants standing to any creditor to seek relief from the fraudulent transfer.[5] Therefore, the cause of action asserted here reflects a general injury to all creditors, not a particularized injury unique to the plaintiff. *See MortgageAmerica, supra,* 714 F.2d at 1275 (action under prior Texas Fraudulent Transfer Act "is essentially one for property that properly belongs to the debtor").

The second cause of action is for an illegal dividend under Del.Code Ann. tit. 8, § 173. The factual basis for this claim is, however, the same as the fraudulent trans-

fer action. Plaintiff merely characterizes the alleged transfer as being the payment of an illegal dividend. The nature of the injury as a general one, derivative of that suffered by the debtor, is therefore the same. Moreover, section 174 of Title 8 of the Delaware Code, concerning the liability of directors for payment of an illegal dividend, provides that such liability is "to the corporation, and to its creditors in the event of its dissolution or insolvency." Del.Code Ann. tit. 8, § 174(a). The language of the statute providing for a remedy thus demonstrates on its face that the injury to creditors is derivative.

Both of these causes of action, moreover, can be asserted by SPMI. Section 544(b) permits the trustee to avoid any transfer that would be avoidable under applicable law by a creditor with an allowable unsecured claim.[6] A chapter 11 debtor in possession possesses the same powers and duties as a trustee.[7] SPMI, through section 11.1 of the Amended Plan of Reorganization, retains all of the powers of avoidance that it possessed prior to confirmation; section 544 is specifically noted.

Plaintiff does not, therefore, have standing to assert this action against Sunshine. SPMI has standing to assert the action on behalf of all its creditors, and is the appropriate party to assert such an action. The action must therefore be dismissed.

Such dismissal will be without prejudice to plaintiff to later refile this action. The Court's decision does not mean that SPMI has sole, unreviewable discretion as to whether to bring an action against its par-

---

**5.** Section 24.008 is entitled "Remedies of Creditors," and provides in part:

(a) In an action for relief against a transfer or obligation under this chapter, a creditor, subject to the limitations in Section 24.009 of this code, may obtain:
[certain forms of relief are thereafter specified.]
Tex.Bus. & Com.Code Ann. § 24.008.

**6.** Section 544(b) provides:

The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under sec-

tion 502 of this title or that is not allowable only under section 502(e) of this title.
11 U.S.C. § 544(b).

**7.** Section 1107(a) provides:

Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.
11 U.S.C. § 1107(a).

ent. Plaintiff may, with the permission of this Court, bring such an action on behalf of the estate. *Hansen v. Finn (In re Curry and Sorensen, Inc.)*, 57 B.R. 824 (9th Cir.B.A.P.1986); *In re Skow*, 89 I.B.C.R. 111 (Bankr.D.Idaho 1989). Until such permission is sought and granted, however, plaintiff has no standing to prosecute this suit.

The Court notes that plaintiff contends SPMI cannot bring this action because the four year statute of limitations has run. However, pursuant to section 546(a), an action under section 544 may be brought until the earlier of two years after the appointment of a trustee, or the time the case is closed or dismissed. The Ninth Circuit has held that the two year period is applicable to debtors in possession. *Upgrade Corp. v. Gov't Technology Services, Inc. (In re Softwaire Centre Int'l, Inc.)*, 994 F.2d 682 (9th Cir.1993). The transaction at issue here took place in August 1988; SPMI filed for bankruptcy in March of 1992. The four year statute of limitations had not run as of the date of the filing, and therefore SPMI may bring an action against Sunshine until March of 1994.

## MOTION TO ABSTAIN OR REMAND

■ Before consideration of the merits of this motion, I must consider to what extent this Court should, or may, revisit the decision of Judge Abramson. The holding of the U.S. Bankruptcy Court for the Northern District of Texas has established the law of the case.

"As most commonly defined, the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 [103 S.Ct. 1382, 1391, 75 L.Ed.2d 318] (1983) (dictum). This rule of practice promotes the finality and efficiency of the judicial process by "protecting against the agitation of settled issues." 1B J. Moore, J. Lucas, & T. Currier, Moore's Federal Practice ¶ 0.404[1], p. 118 (1984).

*Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–16, 108 S.Ct. 2166, 2177, 100 L.Ed.2d 811 (1988) (alterations in original). The doctrine of law of the case is commonly applied to a coordinate court's decision to transfer a case. *Id.* at 816, 108 S.Ct. at 2178. "[T]he policies supporting the doctrine apply with even greater force to transfer decisions than to decisions of substantive law; transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation." *Id.* This does not prevent a transferee court from reviewing the decisions of the transferor court, however.

A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice."

*Id.* at 817, 108 S.Ct. at 2178.

I do not find Judge Abramson's decision to be erroneous, much less clearly erroneous. For the reasons explained above, that portion of plaintiff's action currently before this Court is vested entirely with SPMI, and plaintiff does not have standing to assert the action. This Court appropriately has jurisdiction to decide this issue as a core proceeding, as Judge Abramson decided. The Second Circuit accurately analyzed this issue in *St. Paul Fire and Marine, supra:*

[The creditor's] claims, however, are core proceedings as defined by section 157(b)(2). These claims, although pleaded as claims personal to [the creditor], if they are property of the corporation or are claims available to all creditors, are claims regarding the transfer of property to the estate, as they would result in [the third party defendant's] assets being available to pay [the bankrupt's] debts. Section 157(b) includes within the definition of core proceedings "proceedings related to the property of the estate," *MacArthur Co. v. Johns–Manville Corp. (In re Johns–Manville)*, 837 F.2d 89, 91 (2d

Cir.), *cert. denied,* 488 U.S. 868, 109 S.Ct. 176, 102 L.Ed.2d 145 (1988), and property of the estate, in turn, includes causes of action that are the property of the debtor, *id.* 837 F.2d at 92. It follows that proceedings having the effect of bringing property into the estate of the debtor are core proceedings as defined by section 157(b). *See* 28 U.S.C. §§ 157(b)(2)(E) ("orders to turn over property of the estate" are core proceedings), 157(b)(2)(F) ("proceedings to determine, avoid, or recover preferences" are core proceedings), 157(b)(2)(H) ("proceedings to determine, avoid, or recover fraudulent conveyances" are core proceedings).

884 F.2d at 701. As a core proceeding, the action is one "arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1); *Eastport Assoc. v. City of Los Angeles (In re Eastport Assoc.),* 935 F.2d 1071, 1076 (9th Cir.1991). Moreover, the nature of the action as an attempt to bring property into the estate, is, at a minimum, an administrative action that would have no existence outside of bankruptcy, and therefore "aris[es] in a case under title 11." *Eastport, supra,* 935 F.2d at 1076.

Because this action must be dismissed for lack of standing by the plaintiff, there is no action to be remanded. Similarly, there is no action for the Court to abstain from hearing. Therefore, plaintiff's motion to abstain or remand must be denied.

## CONCLUSION

The plaintiff's motion to remand or abstain is DENIED, and defendant's motion to dismiss is GRANTED without prejudice for such an action to be brought in the future. A separate order will be entered.