DAVID ELDER HUNT, DECEASED, v. THE STATE OF NORTH CAROLINA, ADJUTANT GENERAL'S DEPARTMENT, SELF-INSURER.

(Filed 27 May, 1931.)

**Master and Servant F d—Where deceased employee leaves no dependents only his personal representative may litigate claim under the act.**

It is required by C. S., 446, that an action be prosecuted in the name of the real party in interest, and where a statute names a person to receive funds and authorizes him to sue therefor, only the person named may litigate the matter, and section 40 of the Workmen's Compensation Act provides that in case the deceased employee leaves no dependents, the employer shall pay the amount recoverable thereunder to the personal representative of the deceased, and *held:* where a claim under the act is litigated in the name of the deceased the proceeding is a nullity and will be dismissed on appeal to the Supreme Court, nor may the personal representative come in and make himself a party under the provisions of C. S., 1414.

APPEAL by defendant from *Devin, J.,* at April Term, 1931, of GRANVILLE.

Proceeding under Workmen's Compensation Act by "David Elder Hunt, deceased," to determine liability of the State, as self-insurer, to decedent's dependents or his estate.

David Elder Hunt, a duly enlisted member of the North Carolina National Guard, was killed in an automobile accident about 1:30 a.m. 13 July, 1930, while driving from his home in Oxford, N. C., to Morehead City, N. C., to report for duty at Camp Glenn in connection with the annual encampment of the North Carolina National Guard.

The deceased was nineteen years of age at the time of his death. He left no one him surviving wholly or partially dependent upon his earnings for support. No personal representative of the deceased has been appointed, and it is not clear from the record just how the matter was presented to the North Carolina Industrial Commission.

At any rate, the Industrial Commission "denied compensation in this case" on the ground that the injury by accident, resulting in death, did not arise out of and in the course of the employment of the deceased as a National Guardsman. This ruling was reversed on appeal to the Superior Court, the appeal being by "the claimant," and the judgment of the Superior Court recites "that the personal representative of the said David Elder Hunt, deceased, is entitled to compensation under the provisions of the Workmen's Compensation Act."

From this judgment the defendant appeals, assigning error.

*Attorney-General Brummitt and Assistant Attorneys-General Nash and Siler for appellant.*
*Parham & Lassiter and Royster & Royster for appellee.*

STACY, C. J. The liability of the State, as self-insurer, under the Workmen's Compensation Act, for injuries arising out of and in the course of the employment of a duly enlisted National Guardsman was considered in *Baker v. State,* 200 N. C., 232, 156 S. E., 917.

But it is provided by section 40 of the Workmen's Compensation Act that in case the deceased employee leaves no dependents, the employer shall pay the amount allowed thereunder "to the personal representative of the deceased." When a statute names a person to receive funds, and authorizes him to sue therefor, no one but the person so designated has the right to litigate the matter. 20 R. C. L., 664.

It is further provided by C. S., 446 that "Every action must be prosecuted in the name of the real party in interest," etc. *Casualty Co. v. Green,* 200 N. C., 535, 157 S. E., 797; *Chapman v. McLawhorn,* 150 N. C., 166, 63 S. E., 721. The proceeding, therefore, brought in the name of the deceased, and no one else, would seem to be *nullius juris. S. v. Beasley* 196 N. C., 797, 147 S. E., 301.

Nor is it permissible under C. S., 1414 for the personal representative of the deceased, hereafter to be appointed, to come in now and make himself a party to the proceeding in the Supreme Court. Having acquired no jurisdiction of the matter as presently presented, there is nothing before the Court.

Proceedings dismissed.