COY F. NEAL v. ASSOCIATES DISCOUNT CORPORATION, A CORPORATION.

(Filed 19 December 1963.)

Appeal and Error § 4—

Where it appears of record that after the institution of the action, but before the hearing, the plaintiff died, a purported appeal in the name of the deceased plaintiff is a nullity as well as an anomaly, and the appeal must be dismissed, there being nothing to indicate that the personal representative was substituted as a party.

APPEAL by plaintiff from *Johnston, J.,* April 8, 1963, Session of FORSYTH.

Plaintiff instituted this action to recover compensatory and punitive damages for personal injuries allegedly caused by the tortious conduct of defendant.

Pleadings, consisting of complaint, answer and reply, were filed. Thereafter, there was a hearing on defendant's oral motion to dismiss. The court found "as a fact that the said plaintiff, Coy F. Neal, is now deceased," and dismissed the action on the ground the cause or right of action alleged in the complaint did not survive. G.S. 28-175.

The record shows that "plaintiff" excepted and appealed.

*White & Crumpler, Harrell Powell, Jr., and Leslie G. Frye for plaintiff appellant.*

*McLennan & Surratt for defendant appellee.*

PER CURIAM. Although the record shows "plaintiff" excepted to and assigned as error the finding of fact that he "is now deceased," on the ground no evidence was offered to support such finding, the "Plaintiff Appellant's Brief" does not bring forward this exceptive assignment of error. There appears in the record a stipulation dated July 10, 1963, signed by the "Attorneys for Plaintiff" and by the "Attorneys for Defendant," which includes the following: "It is further stipulated that Coy F. Neal died prior to the hearing and entering of the Judgment appealed from in this cause."

Assuming Coy F. Neal's cause or right of action survived his death, it could be continued and prosecuted only by his personal representative. The procedure to determine whether his cause or right of action was to be continued and prosecuted by his personal representative or dismissed is prescribed by G.S. 1-74 and G.S. 1-75. The question whether the alleged cause or right of action survived Coy F. Neal's death would necessarily be presented. See McIntosh North Carolina Practice and Procedure, Second Edition (Wilson), § 731 and § 732. Nothing in the record indicates compliance in any respect with the cited statutory provisions.

Nothing in the record indicates the personal representative, if any, of Coy F. Neal has been substituted as a party herein. Indeed, the *record* contains no reference to a personal representative of Coy F. Neal.

There appears in the file of the Clerk of this Court an "Undertaking on Appeal for Costs," dated and filed September 9, 1963, signed "Blake N. Neal, Administrator of the Estate of Coy F. Neal" and "Thurman Neal." Yet, even in this document, Coy F. Neal is designated as *appellant.*

"Plaintiff Appellant's Brief" states: "After the action was filed, the plaintiff died. The *administratrix* of Coy F. Neal then filed motion asking that *she* be made a party plaintiff and allowed to adopt the complaint filed herein." (Our italics). Nothing to this effect appears in the certified record or in appellee's brief.

To what extent, if any, the administrator or administratrix of the estate of Coy F. Neal, if there is such personal representative, is bound by the judgment entered by the court below, is not presented. Suffice to say, there can be no appeal from said judgment by Coy F. Neal, the deceased plaintiff. The purported appeal in his name "is a nullity as well as an anomaly." *S. v. Beasley,* 196 N.C. 797, 147 S.E. 301; *Hunt v. State,* 201 N.C. 37, 158 S.E. 703.

Appeal dismissed.