IN RE: ZONING VIOLATION OF R. L. COLEMAN AND WIFE, BETTY
    B. COLEMAN, PROPERTY ON U. S. HIGHWAY 19 & 23 W

No. 7128SC143

.(Filed 28 April 1971)

1. Appeal and Error § 7; Municipal Corporations § 31— municipal board
   of adjustment — review of orders — parties aggrieved
       The rule that an appeal to the appellate division may be prose-
   cuted only at the instance of a party aggrieved is applicable to an
   appeal from a superior court judgment which vacated an. order of a
   municipal board· of adjustment.

2. .Appeal and Error § 7— dismissal of appeal — anonymous appellants
       The Court of Appeals dismisses an appeal from a superior court
   judgment which vacated an order of a municipal board of adjustment,
   where the persons who attempted to bring the appeal were merely
   designated, without being named, as "property owners on Druid
   Drive and adjacent streets," "neighboring property owners," and
   "some of the residents of Druid Drive." G.S. 1-271; G.S. 143-316; .G.S.
   160-178.

3. Rules of Civil Procedure § 17— parties to a legal proceeding — legal
   person
       In this State, a legal proceeding must be prosecuted by a legal
   · person and not by an aggregation of anonymous individuals who are
   known only to their counsel.

4. Rules of Civil Procedure § 23— class action — naming of members
       A class action must be prosecuted or defended by one or. more
   named members of the class. G.S. 1A-1, Rule 23.

APPEAL from *Hasty, Judge of Superior Court,* 14 October 1970
Session, BUNCOMBE Superior Court.

The facts in this case may be summarized as follows. Mr.
and Mrs. Coleman are the owners of a certain tract of land
located in Buncombe County, North Carolina, which, prior to
13 September 1962, was zoned for residential use; on that date,
the City Council of Asheville rezoned a portion of the Colemans'
tract to "Neighborhood Trading Area"; in 1964, R. L. Coleman
erected upon the portion of his tract which had been rezoned, a
post office building, which was thereafter leased to the United
States Government and used for post office purposes; on 10 June
1965, R. L. Coleman applied to the Asheville City Building In-
spector for a building permit to erect an addition to the existing
building, submitting therewith a site plan which indicated the
location of the proposed addition; on 11 June 1965 the building

permit was issued by the Building Inspector; the Post Office addition was subsequently constructed at a cost of approximately $125,000.00; on 1 December 1965, the United States Government entered into possession thereof and began utilizing it as a Sectional Mail Distribution Center; on 31 March 1966, the Colemans entered into a lease agreement with the United States Government, by which the original facility and the addition were leased to the Government for a maximum term of thirty years; on 14 March 1969, Mr. William R. White, purporting to represent "property owners on Druid Drive and adjacent streets" wrote to Mr. J. E. Johnson, Chief Building Inspector of the City of Asheville, complaining, *inter alia,* that the Post Office addition was partially situated in a residentially-zoned area and thereby constituted a violation of the zoning ordinance, and demanded enforcement thereof; on 18 March 1969, Mr. Johnson informed Mr. White that no violation existed; on 31 March 1969 Mr. White gave notice of appeal from the decision of the Building Inspector to the Board of Adjustment of the City of Asheville on behalf of "the property owners on Druid Drive whom we represent" contending that the Government's use of the facility, which involved heavy truck traffic, constituted a use not permitted in either a "Residential area" or a "Neighborhood Trading area"; on 21 April 1969, the Board of Adjustment held a hearing and postponed determination of the matter, until an accurate survey of the area could be made; on 17 November 1969, the Board held a hearing and decided to delay a decision, upon the agreement of counsel to try to effect a settlement; on 25 February 1970, the Board entered an order finding facts, among which was that the Post Office addition was situated partially within the residentially-zoned area and, as such, constituted a non-conforming use, in violation of the zoning ordinance; the Board ordered the Colemans and their tenant ". . . to immediately cease and desist from any commercial use of that portion of the Post Office Annex located upon that portion of Lot 130 located on the RA-6 Zone which is in violation of Ordinance No. 322 of the City of Asheville, and further, that any ingress and egress for commercial purposes whatsoever through the RA-6 residential area adjacent to Druid Drive be denied to R. L. Coleman and wife, Betty B. Coleman and their tenants," and that the United States Government be notified that any continued use is unlawful; on 20 March 1970, the Colemans, through their counsel, served notice of their intention to petition the Superior Court of Bun-

combe County for the issuance of a writ of *certiorari* to the Board of Adjustment; the Colemans' petition for writ of *certiorari* was filed on 23 March 1970; after hearing argument of counsel for the Colemans and argument of counsel for the "neighboring property owners," Judge Ervin allowed the Colemans to amend their petition, and issued the writ of *certiorari*, by order dated 21 September 1970; at the 5 October 1967 Session of Buncombe Superior Court Judge Hasty reviewed the record of the hearing before the Board of Adjustment and made findings of fact, which are undisputed, and thereupon made the following conclusions of law:

"1. That the building permit for the erection of said Post Office Addition Building was properly obtained by the Petitioners.

"2. That in reliance on said permit the Petitioners have incurred material expense in the erection of said building.

"3. That the Petitioners acted entirely in good faith in placing said improvements on the property in question pursuant to said building permit.

"4. That the issuance of the cease and desist order dated February 25, 1970 by the Asheville Board of Adjustment constituted an arbitrary revocation of the building permit theretofore issued to the Petitioners on June 11, 1965.

"5. That the Board of Adjustment and the City of Asheville are equitably estopped from revoking said building permit and were without authority to issue the cease and desist order dated February 25, 1970.

"UPON THE FOREGOING UNDISPUTED FACTS AND CONCLUSIONS OF LAW, IT IS NOW, THEREFORE, ORDERED, ADJUDGED AND DEGREED:

"1. That the cease and desist order issued by the Asheville Board of Adjustment on February 25, 1970 be, and the same is hereby, reversed and declared a nullity, and is hereby vacated in its entirety."

The "neighboring property owners" gave notice of appeal to this Court.

*Ramsey & White, by William R. White, and Riddle & Shackelford, by Robert E. Riddle, for Respondents-Appellants.*

*Hendon & Carson, by George W. Hendon, for Petitioners-Appellees.*

BROCK, Judge.

[1]   G.S. 160-178 provides that the rulings of municipal boards of adjustment shall be subject to review by "proceedings in the nature of *certiorari.*" The scope of review must be equal to that provided by G.S. Chap. 143, Art. 33, §§ 143-306 *et seq. Jarrell v. Board of Adjustment,* 258 N.C. 476, 128 S.E. 2d 879. G.S. 143-316 provides that appeals to the appellate division in proceedings governed by Art. 33 shall be under rules of procedure applicable to other civil cases. Therefore, the rule that an appeal to the appellate division may be prosecuted only at the instance of a party or parties aggrieved by the judgment of the court or tribunal from which the appeal is taken, G.S. 1-271, applies with as much force to proceedings such as the present, as to ordinary civil cases.

[2]   Throughout this record, the persons who attempt to bring this appeal are variously designated as "property owners on Druid Drive and adjacent streets," "the property owners on Druid Drive whom we represent," "neighboring property owners," and "some of the residents of Druid Drive." Nowhere are they named. Nowhere does it appear how many they number. Nowhere is the proximity of their residences to the post office addition indicated. Nowhere is it shown that any specific person or persons are "aggrieved" by the judgment of the Superior Court. Nor does it appear that any person or persons who might have been thereby aggrieved are among those prosecuting the appeal to this Court.

[3, 4]   In this state, a legal proceeding must be prosecuted by a legal person, whether it be a natural person, *sui juris,* or a group of individuals or other entity having the capacity to sue and be sued, such as a corporation, partnership, unincorporated association, or governmental body or agency. Even a class action must be prosecuted or defended by one or more named members of the class. G.S. 1A-1, Rule 23. A legal proceeding prosecuted by an aggregation of anonymous individuals, known only to their counsel, is a phenomenon unknown to the law of this jurisdiction.

This appeal must be dismissed for lack of a showing that the parties are properly before the Court.

Appeal dismissed.

Judges MORRIS and HEDRICK concur.