STATE OF NORTH CAROLINA Ex REL., THOMAS F. MOORE, JR. v. JOHN DOE, RICHARD ROE, AND ALL OTHERS OF LIKE CLASS AND SITUATION

Nos. 7326SC353 and 7326SC445

(Filed 1 August 1973)

1. **Appeal and Error § 7— appeal by John Doe and Richard Roe — necessity for appeal by natural or legal person**

   Purported appeal by defendants should be dismissed for lack of a showing that any party, aggrieved or otherwise, has sought review by the appellate court where it was stipulated that the defendants are "John Doe, Richard Roe and all others of like class and situation" and the record on appeal does not show an appeal by a natural or other legal person.

2. **Appeal and Error § 14— failure to give notice of appeal**

   Appeal should be dismissed where the record on appeal does not show that notice of appeal was given either in open court or by filing notice with the clerk. G.S. 1-279; G.S. 1-280.

3. **Appeal and Error § 9— appeal from dissolved preliminary injunction — mootness**

   Appeal from preliminary injunction should be dismissed for mootness where the appeal was not docketed until approximately a month after the preliminary injunction was dissolved.

4. **Appeal and Error § 7— appeal from dissolved preliminary injunction — no aggrieved party**

   Appeal from dissolved preliminary injunction should be dismissed where there is no showing that the legal or constitutional rights of any known individual were restricted or denied, there is no showing that a natural or other legal person has been punished for violating the injunction, and no natural or other legal person appears in the appeal as aggrieved by the injunction.

5. **Appeal and Error § 9—appeal from terminated temporary restraining order — dismissal**

   Appeal from temporary restraining order should be dismissed where the order was terminated over 30 days before the appeal was docketed.

Moore v. John Doe

**6. Appeal and Error § 7— appeal from temporary restraining order— absence of aggrieved party**

Appeal from temporary restraining order prohibiting the general public from threatening or intimidating students in a public school system, from interfering with the operation of school buses and from going upon school property should be dismissed where the record fails to show any effort by appellants which was restrained by the order, since appellants have failed to show in what way they were aggrieved by the order.

**7. Schools § 15— injunctions restraining actions relating to schools — no showing of bad faith**

Record fails to show that the superior court, a superintendent of schools or the district attorney acted in bad faith or for the purpose of harassment in the issuance of a preliminary injunction prohibiting by the public a broad scope of activities relating to the schools or in the subsequent issuance of a temporary restraining order prohibiting the general public from threatening or intimidating students, from interfering with operation of the school buses, and from going upon school property.

Judge VAUGHN concurs in the result.

APPEAL from orders entered by *Snepp, Judge,* in the Superior Court in MECKLENBURG County; one entered 31 October 1972, and one entered 6 March 1973.

Separate appeals from the two above identified orders were docketed in this Court. The two orders were entered in what purports to be the same proceeding. The two appeals were consolidated for argument in this Court but will be discussed separately in the following opinion.

BROCK, Judge.

— The 31 October 1972 Order —

[1] Mr. George S. Daly, Jr., of the Mecklenburg County Bar prepared and docketed the record on appeal, made an assignment of error, and filed a brief. However, neither the record on appeal nor the brief indicates the person or persons whom he represents. The following stipulation appears at the end of the record on appeal: "That the name of the Defendants are: John Doe, Richard Roe and all others of like class and situation." G.S. 1-271 provides that the *aggrieved party* may appeal. So far as this record discloses no natural or other legal person appears as a party defendant, whether aggrieved or not aggrieved. We said in the case of *In re Coleman,* 11 N.C. App. 124, 180 S.E. 2d 439:

"In this state, a legal proceeding must be prosecuted by a legal person, whether it be a natural person, *sui juris*, or a group of individuals or other entity having the capacity to sue and be sued, such as a corporation, partnership, unincorporated association, or governmental body or agency. Even a class action must be prosecuted or defended by one or more named members of the class. G.S. 1A-1, Rule 23. A legal proceeding prosecuted by an aggregation of anonymous individuals, known only to their counsel, is a phenomenon unknown to the law of this jurisdiction."

This appeal should be dismissed for lack of a showing that any party, aggrieved or otherwise, has sought a review by this Court.

Nevertheless, we will briefly review the nature of the proceedings set out in the record on appeal, because there appear to be additional reasons which require dismissal of this appeal.

On 27 October 1972, Thomas F. Moore, Jr., District Attorney, Twenty-sixth Judicial District, filed a verified petition before Superior Court Judge Frank W. Snepp in Mecklenburg County. The petition alleged numerous boisterous, unruly and disorderly activities which were disrupting the educational processes of the East Mecklenburg High School. The petition alleged on information and belief that similar conduct was imminent at other high schools in the county. It alleged that a state of emergency exists or is imminent within the several schools in the county, and that the names of the person or persons responsible for the disruptions are not known. On 27 October 1972, Judge Snepp found the facts to be substantially as al'eged in the petition and issued a temporary restraining order. The temporary restraining order sought to prohibit a broad scope of activities by the general public upon or near the premises of any high school or junior high school in Mecklenburg County. The temporary restraining order further provided that "the defendants" appear on 30 October 1972 and show cause why the order should not be continued until final determination of "this action." At this point the record on appeal does not indicate who the defendants are or in what action the temporary restraining order was issued.

Nevertheless, there was an evidentiary hearing before Judge Snepp on 30 October 1972. The record on appeal states: "Kelly Alexander, Robert Steele, and Phyllis Lynch appeared

before Judge Snepp on October 30, 1972, and challenged the constitutionality of the foregoing Injunction and the jurisdiction of the Court over the subject matter." In issuing the preliminary injunction following the 30 October 1972 evidentiary hearing, Judge Snepp found that Kelly Alexander, Jr., Robert Steele and Phyllis Lynch are citizens and residents of Mecklenburg County and are within the class designated as defendants in the caption of the order. However, as pointed out above, the record on appeal does not show what party or parties undertook this appeal.

In the preliminary injunction which was filed 31 October 1972, Judge Snepp made numerous findings of fact, which are not challenged on appeal. These findings of fact disclose confrontations between large groups of students; numerous fights and threats of fights; inability of school officials to control unruly students; arrests of students by police; unusual absenteeism of students; serious disruptions of the educational processes; suspension of classes by school officials; and the fear of parents for the safety of students. Based upon the findings of fact Judge Snepp entered the 31 October 1972 preliminary injunction prohibiting a broad scope of activities by the general public.

There was no exception taken to the entry of the 31 October 1972 preliminary injunction, and there was no notice of appeal entered.

On 14 February 1973 the District Attorney filed a motion alleging that the matters alleged in his former petition had subsided and the necessity for the injunction appears to have ceased. Based upon this motion Judge Snepp entered an order on 14 February 1973 dissolving the previously issued injunction. The order by Judge Snepp recites that the injunction issued on 27 October 1972 is stricken. However, the only injunction in existence was the one issued 31 October 1972. Therefore, we hold that the 14 February 1973 order dissolved the injunction issued 31 October 1972.

[2] The record on appeal does not show that notice of appeal has been entered in this proceeding, either in open court or by filing notice with the clerk. It is provided by G.S. 1-279 that an appeal from a judgment rendered out of session must be taken within 10 days after notice thereof, and from a judgment rendered in session within 10 days after its rendition, unless the record shows an appeal taken at trial, which is sufficient. It

Moore v. John Doe

is provided by G.S. 1-280 that within the time prescribed in G.S. 1-279, the appellant shall cause his appeal to be entered by the clerk on the judgment docket, and notice thereof to be given to the adverse party unless the record shows an appeal taken or prayed at trial, which is sufficient. The provisions of these two statutes are jurisdictional and if not complied with the appellate division acquires no jurisdiction of the appeal. *Aycock v. Richardson*, 247 N.C. 233, 100 S.E. 2d 379. For this reason the appeal should be dismissed.

[3] This appeal presents an additional situation. The question sought to be reviewed appears to be moot. This appeal was not docketed until approximately one month after the preliminary injunction was dissolved. As noted above, the injunction was dissolved on 14 February 1973 upon motion of the District Attorney alleging that the emergency had subsided. It appears, therefore, that no existing order or judgment is presented for review. For this reason this appeal should be dismissed.

[4] The only assignment of error on this appeal reads as follows: "The Trial Court had no jurisdiction in the above proceedings." Under the facts as shown by the record on appeal, the existence of equity jurisdiction to authorize Judge Snepp to issue either the temporary restraining order (27 October 1972) or the prelminary injunction (31 October 1972) is not without doubt. Nevertheless, there is no showing by this record that the legal or constitutional rights of any known individual were restricted or denied. There is no showing by this record that a natural or other legal person has been punished for violating the prohibitions of the preliminary injunction, and no natural or other legal person appears in this appeal as aggrieved by the 31 October 1972 injunction. For this reason this appeal should be dismissed.

— The 6 March 1973 Order —

On 6 March 1973 the Superintendent of the Charlotte-Mecklenburg Schools filed a verified petition before Superior Court Judge Frank W. Snepp in Mecklenburg County alleging in detail numerous acts of violence, vandalism, widespread fighting, unruly and insubordinate behavior in the face of appeals for order, and in general detailing a completely disrupted school system. The allegations detailed conduct at five high schools and three junior high schools. The petition further alleged that a state of emergency existed and that injunctive relief was

needed to protect the lives and property of students and faculty members, and the property of the school system.

Based upon the petition of the Superintendent, Judge Snepp issued a temporary restraining order. This order undertook to restrain the general public from threatening or intimidating students, from interfering with the operation of the school buses, and from going upon school property.

The Superintendent states that he brings his action under the authority of G.S. 14-288.18; however, his petition asks that he be made a party in the above entitled "action." The above entitled "action," if such exists, is a proceeding instituted by the District Attorney which did not purport to proceed under a statute. The statute (G.S. 14-288.18) envisions an action in the nature of a civil action for a permanent injunction in which the parties to be enjoined are named or described with at least a modicum of particularity. From the petition it appears that sufficient grounds existed to justify the Superintendent's seeking relief under the statute but it is not clear that he undertook that route.

[5]   It is noted that on 16 March 1973 Judge Snepp found that the state of emergency no longer existed and dissolved the temporary restraining order and dismissed the "action." The temporary restraining order would have expired on 16 March 1973 by virtue of the provisions of G.S. 1A-1, Rule 65 (b). Nevertheless, by virtue of the statute and by express order of the Court, the temporary restraining order was terminated slightly over thirty days before this appeal was docketed. It appears, therefore, that no existing order is presented for review and that this appeal should be dismissed.

In the appeal from the 6 March 1973 order the appellants are identified as Kelly Alexander, Jr., and Robert Steele; Mr. George S. Daly, Jr., identifies himself as representing these two appellants.

Appellants sole assignment of error reads as follows: "The March 6, 1973, Order of the Superior Court was unconstitutional and in violation of the First and Fourteenth Amendments to the United States Constitution."

[6]   There is no showing on this record that the 6 March 1973 order restrained the appellants in any way, or in any way chilled the exercise of their rights under the First or Fourteenth

---
Moseley v. Trust Co.
---

Amendments. Appellants argue in their brief that the 6 March 1973 order constituted a prior restraint upon their First Amendment rights to seek to form a NAACP club at East Mecklenburg High School. The record simply does not support such an argument. The record is completely silent upon the question of any effort on the part of appellants which was restrained by the order of which they now complain. Appellants have failed to show in what way they are aggrieved by the order complained of. For this reason this appeal should be dismissed.

[7]   Appellants argue that the 31 October 1972 and the 6 March 1973 orders show a pattern of harassment. Clearly, there is no showing on this record that the Superior Court has acted in bad faith or has been utilized in bad faith by the District Attorney or the Superintendent. On the contrary, the record clearly shows that the District Attorney and the Superintendent were acting to restore order within the school system. That they may have been misadvised on how to proceed does not change their motives.

The appeals from the 31 October 1972 order and from the 6 March 1973 order are

Dismissed.

Judge HEDRICK concurs.

Judge VAUGHN concurs in the result.