Malloy v. Daniel

SYLVIA ANN MALLOY, Guardian ad Litem for Vincent N. Cannady, a Minor, Plaintiff v. DURHAM COUNTY DEPARTMENT OF SOCIAL SERVICES, Intervenor Plaintiff v. DONNA MAE DANIEL and MARTIN EUGENE DANIEL, Defendants

No. 8114SC938

(Filed 6 July 1982)

**Social Security and Public Welfare § 2— subrogation for Medicaid assistance — no right in county department of social services**

> The Durham County Department of Social Services was not the "county involved" so as to be entitled to assert subrogation rights under G.S. 108-61.2 in a personal injury recovery for Medicaid assistance provided to the minor plaintiff, since the Department of Social Services was a mere subdivision of Durham County and had no capacity to bring a suit to enforce a claim.

APPEAL by intervenor plaintiff Durham County Department of Social Services from *Herring, Judge.* Judgment entered 10 April 1981 in Superior Court, DURHAM County. Heard in the Court of Appeals on 4 May 1982.

This appeal arises out of civil actions brought by Sylvia Malloy (hereinafter referred to as "plaintiff"), acting as guardian ad litem for the minor Vincent Cannady, and by the Durham County Department of Social Services (hereinafter referred to as "intervenor plaintiff") against defendants Donna Daniel and Martin Daniel, for damages incurred by the minor Vincent Cannady as a proximate result of defendants' negligence.

On 20 March 1977, the minor Cannady was struck by an automobile driven by defendant Martin Daniel and owned by defendant Donna Daniel. Cannady incurred injuries, pain and suffering, and a one-half inch shortening of his right leg as a result of being struck by such automobile, and defendants' negligence was the proximate cause of those injuries and damages.

Of the medical expenses incurred by Cannady as a proximate result of defendants' negligence, $12,558.18 was paid for by the North Carolina Department of Human Resources, Division of Medical Assistance, through the Durham County Department of Social Services. This payment consisted of Medicaid benefits as provided pursuant to Part 5 of Article 2 of Chapter 108 of the General Statutes of North Carolina.

Subsequent to the injuries of the minor Cannady, plaintiff, who had been appointed guardian ad litem for the minor child, and was acting in that capacity, entered a written retainer contract with her attorney; under this contract, the attorney was to be paid one-third of any and all recovery resulting from a judgment against or settlement with defendants in favor of plaintiff acting in behalf of the injured child. Pursuant to such contract, plaintiff's attorney, from 29 March 1977 and thereafter, proceeded to investigate and otherwise prepare plaintiff's case for settlement or trial, and expended numerous hours doing legal work, ascertaining the driver and owner of the "hit and run" vehicle which struck Cannady, and negotiating with defendants' insurance carrier.

On or about 15 May 1978, plaintiff's attorney reached a settlement with defendants in the amount of $15,000 in plaintiff's claim against defendants for injuries and damages incurred by the minor child. On about 6 July 1978, plaintiff's attorney was informed for the first time, by the North Carolina Department of Human Resources, that Cannady had received Medicaid assistance for the injuries caused by defendants and that such Department, through the intervenor plaintiff, was asserting a claim in subrogation against defendants, pursuant to G.S. § 108-61.2.

On 2 August 1978, plaintiff filed a complaint against defendants to recover from them jointly and severally $20,000 for the permanent injuries, pain and suffering, and medical expenses incurred by the minor Cannady as a proximate result of defendants' negligence. This action was instituted by plaintiff to secure the $15,000 settlement previously reached with defendants. In reaching such settlement, plaintiff's attorney had received no assistance from the intervenor plaintiff, and has diligently rendered valuable services on behalf of plaintiff and in pursuit of plaintiff's claim.

On 7 December 1978, pursuant to a consent order signed by all parties, intervenor plaintiff filed a complaint of intervention alleging that it had provided Medicaid benefits to the minor Vincent Cannady in the amount of $12,558.18 for the medical expenses incurred by Cannady as a proximate result of defendants' negligence, and that it was therefore subrogated to all rights of

Malloy v. Daniel

recovery. The intervenor plaintiff's complaint prayed for judgment against defendants jointly and severally as follows:

[t]hat any amount of money . . . recovered by the plaintiff against the defendants jointly and severally that is equal to the medical assistance paid on the behalf of the minor child in the amount of . . . ($12,588.18) be paid by the defendants jointly or severally into the Office of the Clerk of Superior Court for the use and benefit of the Intervenor Plaintiff.

On 14 December 1978, defendants filed an answer to the intervenor plaintiff's complaint in which it offered

to pay into the office of the Clerk of the Superior Court the sum of $15,000 in full settlement and compromise of all claims and demands of the Plaintiff . . . [and] Intervenor Plaintiff . . . for all claims past, present and prospective, including medical and hospital expenses heretofore incurred or which may hereafter be incurred, which amount is to be distributed as the court deems just and proper.

On 6 June 1979, the court entered a partial judgment stating that there was a controversy between plaintiff and intervenor plaintiff with regard to the distribution of the recovery of the monies from the defendants in this action, and that the $15,000 settlement offer made by defendants was a fair and reasonable settlement in view of all the circumstances. The judgment further ordered

that the plaintiff have and recover of the defendants the sum of $15,000.00 in full settlement and compromise of all claims and demands of the plaintiff for all damages past, present and prospective, including medical and hospital expenses heretofore incurred or which may hereafter be incurred and that said sum is to be paid by the defendants into the Office of the Clerk of Superior Court for the use and benefit of the plaintiff, subject to the Court's final determination and distribution of these monies between the Plaintiff and the Intervenor Plaintiff.

[Plaintiff] and . . . [intervenor plaintiff] join [ ] in this Judgment and . . . consent to said settlement and further, in consideration of the payment of the amount herein set forth, do hereby release and discharge . . . [defendants] . . . of and

from any and all actions, causes of action, claims or demands that they might have by reason of injury to the minor plaintiff, loss of services, or medical expenses incurred by or on his behalf.

In its final judgment as to the proper distribution as between plaintiff and intervenor plaintiff of the $15,000 paid by defendants, the court made unchallenged findings of fact and entered the following conclusions of law: that G.S. § 108-61.2 afforded intervenor plaintiff rights of recovery belonging to the beneficiary of Medicaid assistance and that "beneficiary of assistance" meant the person lawfully entitled to recover the medical expenses incurred on behalf of the minor Cannady in a case against the tortfeasor defendants; that the person so lawfully entitled was not the minor child but the child's father, and, hence, the child's father and not the child was the "beneficiary of assistance" through whom the subrogee would be subrogated; that therefore neither the County of Durham nor the intervenor plaintiff "has a subrogated interest against the personal injury recovery of the minor plaintiff, Vincent N. Cannady [sic], arising out of the matters and things complained of in this action;" that the right of subrogation to the rights of the beneficiary of assistance accrues to Durham County and not to the intervenor plaintiff; and that one-third of the total recovery of $15,000 was a reasonable fee to be allowed plaintiff's retained counsel. The court then ordered that the intervenor plaintiff "have and recover no sum whatsoever by reason of subrogation herein," and that

the Clerk shall disburse the following sums forthwith out of the minor plaintiff's recovery in the sum of . . . ($15,000.00) heretofore paid into the Court as follows:

1. The sum of . . . ($5,000.00) plus one-third (1/3) of any accrued interest on said . . . ($15,000.00) principal sum as of the date of disbursement[,] to plaintiff's attorney . . . .

2. That the principal remainder plus any remaining accrued interest shall be retained by the Clerk for the use and benefit of the minor plaintiff, Vincent N. Cannady [sic], as provided by law.

From such judgment, intervenor plaintiff appealed.

*Arthur Vann, for plaintiff appellee.*

*Durham County Attorney Lester W. Owen, by James W. Swindell, for intervenor plaintiff appellant.*

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Steven Mansfield Shaber, amicus curiae for intervenor plaintiff appellant.*

*North Carolina Academy of Trial Lawyers, by Thomas F. Loflin, III, and Shirley L. Fulton, amicus curiae for plaintiff appellee.*

HEDRICK, Judge.

This lawsuit revolves around a controversy about the respective rights of plaintiff and intervenor plaintiff as against the tortfeasor defendants. The intervenor plaintiff contends that to the extent of its subrogated interest under G.S. § 108-61.2, it must prevail over plaintiff with respect to any amount for which the tortfeasor defendants are liable for having injured Vincent N. Cannady, Jr.

The controlling statute in the present case is G.S. § 108-61.2, which has since been replaced by G.S. § 108A-57. G.S. § 108-61.2 provides:

> To the extent of payments under this Part [i.e., Part 5, entitled "Medical Assistance"], *the county involved* shall be subrogated to all rights of recovery, contractual or otherwise, of the beneficiary of assistance under this Part against any person.

*State ex rel. Lanier v. Vines*, 274 N.C. 486, 492, 164 S.E. 2d 161, 164 (1968), quoting 67 C.J.S. Parties § 12 with approval, states, " 'Where a cause of action is created by statute and the statute also provides who is to bring the action, the person or persons so designated, and, ordinarily, only such persons, may sue.' " In *Hunt v. State*, 201 N.C. 37, 158 S.E. 703 (1931), a proceeding was brought by "David Elder Hunt, deceased" to determine the State's liability under the Workmen's Compensation Act to decedent's dependents or his estate; the decedent had no dependents and a personal representative had not been appointed for him, and the court adverted to the relevant statute, which

stated that "in case the deceased employee leaves no dependents, the employer shall pay the amount allowed thereunder 'to the personal representative of the deceased.' " *Id.* at 38, 158 S.E. at 704. The court then stated,

> When a statute names a person to receive funds, and authorizes him to sue therefor, no one but the person so designated has the right to litigate the matter. . . .

> The proceeding, therefore, brought in the name of the deceased, and no one else, would seem to be nullius juris, . . .

*Id.* at 38, 158 S.E. at 704, and the proceeding was dismissed. *Id.*

In the present case, the intervenor plaintiff Durham County Department of Social Services is attempting to assert a statutory right of subrogation which, according to G.S. § 108-61.2, inheres "in the county involved." Since the Durham County Department of Social Services is not "the county involved," in that it is not a county at all, the trial court correctly ruled "that the intervenor [plaintiff], Durham County Department of Social Services have and recover no sum whatsoever by reason of subrogation herein."

The propriety of the trial court's ruling is further bolstered by statements in the law which suggest that, except for some specific statutory exceptions, the Durham County Department of Social Services as presently constituted can never be capable of bringing an action to enforce a claim. "In this state, a legal proceeding must be prosecuted by a legal person, whether it be a natural person, *sui juris*, or a group of individuals or other entity having the capacity to sue and be sued, such as a corporation, partnership, unincorporated association, or governmental body or agency." *In re Coleman*, 11 N.C. App. 124, 127, 180 S.E. 2d 439, 442 (1971). Among the corporate powers of a county is the power to "sue and be sued," G.S. § 153A-11; "[e]xcept as otherwise directed by law, each [such] power . . . shall be exercised by the board of commissioners." G.S. § 153A-12. G.S. § 108-61.2 states that "[i]t shall be the responsibility of the county commissioners, with such cooperation as they shall require from the county board of social services and the county director of social services, to enforce" the statutory subrogation rights. Furthermore,

> [t]he mere fact that an agent has negotiated a contract for his principal will not allow him to maintain an action on the con-

tract in his own name for the benefit of the principal . . . [;] [t]his rule applies even though the principal has specifically authorized the agent to bring suit in his own name.

W. Sell, Agency § 203, 181 (1975); *see also* H. Reuschlein & W. Gregory, Agency & Partnership § 133 (1979); Restatement (Second) of Agency § 363 (1958); *Curry v. Roberson,* 87 Ga. App. 785, 75 S.E. 2d 282 (1953).

Assuming arguendo that a right of subrogation did inhere in the County of Durham in the present case, and granted that such a right is statutory and not contractual, the intervenor plaintiff, as a mere subdivision of the County, could have no more capacity to assert such right than an agent would with respect to a contractual right of his principal. There is no law which indicates that the intervenor plaintiff has been empowered to sue under the circumstances here presented, and just as a principal may not confer such power on its agent with respect to the principal's contractual rights, the county may not confer such power on its subdivision with respect to the county's subrogation rights merely by authorizing or ratifying the suit brought in the name of the subdivision. This rule is one of substantive law, and goes beyond "real party in interest" concerns; hence, any arguments based on G.S. § 1A-1, Rule 17, about authorization or ratification by the county are unavailing. With respect to the County's rights of subrogation, its Department of Social Services is no more capable of suing in its own name than is some lower echelon employee of such Department. The suit must be brought by the County itself. This insistence on the suit being brought by the correct entity regardless of any delegation by that entity is based on the previously discussed precedential guidance, and on the need for a shorthand method of assuring the defendant that he is being sued by the sole party which can conceivably make him liable on the subrogation claim.

In ruling that the intervenor plaintiff Durham County Department of Social Services may not recover on the subrogation claim, the court accomplished its duty of adjudicating the claims of the intervenor plaintiff, and any ruling pertaining to claims inhering in the County of Durham as against the tortfeasor defendants was superfluous to the decision. The decision of the trial court, therefore, may be affirmed on appeal without the ap-

pellate court passing at all on the question of whether the court erred in ruling that the County of Durham, as well as the intervenor plaintiff, did not have a subrogated interest. "If the correct result has been reached by the trial court, its judgment should not be disturbed even though some of the reasons assigned therefor may not be correct." *Reese v. Carson,* 3 N.C. App. 99, 104, 164 S.E. 2d 99, 102 (1968). Assuming arguendo the trial court erred in its ruling on the rights of the County of Durham, which was not a party to the action, the court's ruling respecting the intervenor plaintiff's rights under G.S. § 108-61.2 was entirely proper. The judgment of the trial court is

Affirmed.

Judges HILL and BECTON concur.