884 F.2d 1390
 14 Fed.R.Serv.3d 887
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
TROPICAL WINDS JOINT VENTURE, Bruce H. Robinson, Jr.,
Plaintiffs-Appellees,
v.
COKER BUILDERS, INC., H.C.C. Development, Inc., Defendants-Appellants.
 No. 88-1341.
 United States Court of Appeals, Fourth Circuit.
 Argued May 10, 1989.
Decided Aug. 30, 1989.
 
 Everett J. Bowman (John B. Orgain, IV, Robinson, Bradshaw & Hinson, P.A. on brief) for appellants.
 Bruce Hamilton Robinson, Jr. for appellee.
 Before SPROUSE, Circuit Judge, JOHN A. MACKENZIE, Senior Judge, United States District Court, Eastern District of Virginia, sitting by designation, and FRANKLIN T. DUPREE, Jr., Senior Judge, United States District Court, Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 In a North Carolina state court action, Tropical Winds Joint Venture and Bruce H. Robinson, Jr., sued Coker Builders, Inc., for breach of a construction contract and H.C.C. Development, Inc., for breach of a joint venture agreement. After Coker Builders and H.C.C. removed the case to federal district court, Robinson received a jury award of $325,000 against Coker Builders and $200,000 against H.C.C. The district court subsequently denied the motion of Coker Builders and H.C.C. for a judgment notwithstanding the verdict and for a new trial, and they appeal. We reverse because the parties lacked the complete diversity of citizenship necessary to establish subject matter jurisdiction.
 
 
 2
 Robinson, an attorney residing in North Carolina, had an option to purchase real estate on Carolina Beach, North Carolina. He entered into a joint venture agreement in January 1984 with H.C.C., a South Carolina corporation, to form Tropical Winds for the purpose of developing and selling condominiums on Carolina Beach. Under the agreement, H.C.C. agreed to advance funds amounting to $108,000 in order to exercise Robinson's option to purchase the land and to be the managing partner in charge of overall development activities. Robinson made a $2,000 capital contribution and agreed to provide administrative and legal services. Under the agreement, Robinson had a 65% share in profits and losses and H.C.C. had a 35% share.
 
 
 3
 In February 1984, Tropical Winds contracted with Coker Builders, a South Carolina corporation owned by the same principals as H.C.C., to build twenty-one condominium units to be substantially completed no later than June 30, 1984, for a lump sum of $720,500. Coker Builders succeeded in substantially completing the project by that date, but, because three units had to be reconstructed so that they faced the ocean rather than the street, actual completion was delayed until October 1, 1984. Although the evidence is not entirely clear, the three units requiring reconstruction apparently had been built according to the plans and specifications furnished by Tropical Winds.
 
 
 4
 Tropical Winds financed the construction with the proceeds of a one million dollar loan secured by Tropical Winds' promissory note that was endorsed by H.C.C., Robinson, and the primary stockholders of Coker Builders and H.C.C. The proceeds of the loan were used to pay Coker Builders $630,500 of the $720,500 contract price and to pay various expenses of the joint venture. After August 1985, when the loan proceeds had been exhausted, H.C.C. expended approximately $311,180 of its own funds for interest, maintenance, and sales expenses, but Robinson, who allegedly had received a $30,000 advance on profits, contributed nothing. Robinson, as well as H.C.C., however, remained liable on the construction loan's outstanding balance, which was $787,182.44 as of April 1988.
 
 
 5
 During construction, real estate agents obtained presale contracts for all but one of the condominium units and obtained small "reservation deposits" from each prospective buyer. Unfortunately, the condominium market became glutted at about the time the condominiums were under construction, and the individuals who had signed presale contracts asked to be released from them. On Robinson's recommendation, these buyers were released and their deposits were refunded. Subsequent efforts to sell most of the condominiums were unsuccessful.
 
 
 6
 We agree with the contention advanced by Coker Builders and H.C.C. on appeal that the district court lacked subject matter jurisdiction because one of the plaintiffs, Tropical Winds, and both of the defendants, H.C.C. and Coker Builders, are South Carolina citizens. Complete diversity between plaintiffs and defendants must exist, of course, in order to ground diversity jurisdiction. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); see 28 U.S.C. Sec. 1332; see also Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). Jurisdiction may be contested at any time, even by the parties who successfully procured removal to a federal court. Chicago, Burlington, & Quincy Ry. v. Willard, 220 U.S. 413, 420 (1911); see also In re Carter, 618 F.2d 1093, 1100 (5th Cir.1980), cert. denied, 450 U.S. 949 (1981).
 
 
 7
 Robinson contends, however, that, for purposes of a diversity analysis, we should realign the parties according to their real interest. He argues that, because he is the real party-in-interest, we should dismiss Tropical Winds as a plaintiff.[1] According to Robinson, with that alternative scenario, we should treat the appeal as one involving him as a North Carolina plaintiff against Coker Builders and H.C.C. as South Carolina defendants.
 
 
 8
 A dispensable party may be dismissed in some instances even at the appellate stage in order to preserve diversity jurisdiction. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. ----, 104 L.Ed.2d 893 (1989). That relief, however, is not available to Robinson under the circumstances of this case. Tropical Winds undoubtedly has an interest in the subject of the litigation, which standing alone would require that it be joined under rule 19(a) of the Federal Rules of Civil Procedure. The rule provides in pertinent part:
 
 
 9
 A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if ... (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest....
 
 
 10
 Because Tropical Winds is not diverse from Coker Builders and H.C.C., however, proceeding with the case with it as a joint plaintiff is not feasible, and we look to rule 19(b) to determine if it can be dismissed and if the suit can proceed without it as a party. Rule 19(b) provides:
 
 
 11
 If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.
 
 
 12
 A party is indispensable "when he cannot be made a party and, upon consideration of the factors above mentioned, it is determined that in his absence it would be preferable to dismiss the action, rather than to retain it." Fed.R.Civ.P. 19 advisory committee's note.
 
 
 13
 Application of the rule 19(b) factors to these parties demonstrates that Tropical Winds is an indispensable party and that this appeal must be dismissed. The contract on which the suit was brought was between Tropical Winds and Coker Builders--not between Robinson and Coker Builders.[2] Thus, as co-venturers, H.C.C. and Robinson would be entitled to share in a recovery against Coker Builders on its contract with Tropical Winds. See, e.g., Harrell & Sumner Contracting v. Peabody Petersen Co., 546 F.2d 1227, 1228-29 (5th Cir.1977). Similarly, it cannot be said that Tropical Winds as an entity is completely disinterested in the internal controversy between its two owners. Tested against the factors of rule 19(b), we are of the firm view that the action cannot proceed without Tropical Winds and, therefore, that it must be dismissed.
 
 
 14
 In view of our jurisdictional ruling, we do not discuss the other issues raised by the parties. Nevertheless we add that, even if we were not jurisdictionally barred from reviewing the district court's decision, we would have reversed the judgment because the evidence concerning damages was simply not sufficient. We also think noting our concern over some of Robinson's representations to the jury is appropriate. At one point, Robinson, who represented himself both at trial and on appeal, solicited a response from his witness that indicated that "the church" was a silent partner in the condominium venture. Additionally, his closing argument can be interpreted, at the least, to refer obliquely to that irrelevant, and possibly, prejudicial nonrecord fact. We are confident that such advocacy will not be advanced in any subsequent litigation.
 
 
 15
 In view of the above, the judgment of the district court is reversed, and the case is remanded with instructions to dismiss it for lack of jurisdiction.
 
 
 16
 REVERSED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 [1]
 The original complaint named Tropical Winds as the sole plaintiff, and Robinson signed the complaint as its attorney. In the complaint, he alleged that Tropical Winds was damaged by the defendants' actions and that as part-owner he was entitled to sixty-five percent of the damages. Pursuant to the defendants' motion, Robinson was added as an individual party plaintiff, apparently in order to permit the defendants to file a counterclaim. In the reply to the counterclaim, Tropical Winds and Robinson appeared as joint plaintiffs, and the counts of the counterclaim were answered on behalf of both plaintiffs. After a pre-trial conference conducted by a magistrate, an order was entered purporting to summarize the parties' understanding of the issues. The order, which was in several respects internally inconsistent, stipulated that "[t]he court has jurisdiction of the parties and of the subject matter."
 
 
 [2]
 Under North Carolina law, a joint venture is "in the nature of a partnership" and is "governed by substantially the same rules." See Pike v. Wachovia Bank & Trust Co., 161 S.E.2d 453, 460 (N.C.1968). Thus, because a partner may not bring suit in his own name and for his own benefit on a cause of action accruing to the partnership, Godwin v. Vinson, 111 S.E.2d 180 (N.C.1959), it appears that Tropical Winds is not only indispensable under rule 19(b) but is the only party under North Carolina law which could sue Coker Builders on the contract